Z. M. SAWYER, plaintiff in error, *vs.* E. VORIES, defendant
in error.

(BY TWO JUDGES.)   Parol evidence is not͡admissible to add a covenant
to a deed.   27th February, 1872.

Parol to vary writing.   Before Judge HARRELL.   Stewart Superior Court.   October Term, 1871.

The opinion reports the facts.

E. L. DOUGLASS; H. FIELDER; BELL & TUCKER, for
plaintiff in error.

J. L. WIMBERLY; J. T. CLARK, for defendant.

MONTGOMERY, Judge.

This was a rule to foreclose a mortgage by the defendant
in error against the plaintiff in error, on a tract of land on
which were two mills, and which had been bought by the
plaintiff in error from the defendant in error for milling pur-
poses, at a price, as alleged, of $12,000 00; $10,000 00 of
which had been paid, and the suit was for the balance.   The
plaintiff in error set up as a defense to the foreclosure, in his
answer to the rule *nisi*, a parol agreement by Vories, at the
time of the sale, as part of the consideration of the contract,
not to sell another mill-site owned by him, near the one bar-
gained for, or if he did, to restrain the purchaser in his deed
from erecting any mill thereon.   The answer further stated,
that Vories, in violation of this parol agreement, had sold
the other mill-site, without restriction, and that the purchaser
had erected a mill thereon, to the great damage of the plain-
tiff in error.   The note, for the non-payment of which the
foreclosure was sought, after reading in the usual form, had
the following words added to it:   "In purchase of the lands,
etc., known as the upper Vories mill-place."   The defendant
in error demurred to the answer for insufficiency, and moved
to make his rule absolute.   The Court sustained the demur-

rer, and granted the motion. We think the Court right in its ruling. In the case of *Mell vs. Mooney*, 30 Georgia, 414, relied on by the plaintiff in error, the question of adding to a written contract by parol did not arise, and the subject is but incidentally mentioned. The uniform current of the decisions of this Court is, that parol evidence cannot be received to enlarge or add to a written contract: See *Logan vs. Bond*, 13 Ga. R., 192; *Wyche vs. Winship*, 13 Ga. R., 208; *Griswold vs. Scott, Ib.*, 210. In the present case, the proposition is to add to the terms not only of the deed of sale of land to the plaintiff in error, but also to the terms of his note given for the purchase-money. It is in effect an attempt to engraft by parol a covenant upon the deed, and to add a condition to the note. We know of no case that has gone so far.

Judgment affirmed.