JAMES C. COOK, plaintiff in error, vs. NORTH AND SOUTH RAILROAD COMPANY, defendant in error.

1. Where a deed was executed by the complainant to the defendant, a railroad company, conveying to it the right of way through the complainant's land, without embracing any conditions or stipulations as to stock-gaps or bridges, a bill to enforce the erection of the same was properly dismissed.

2. There being no pretence that the writing signed by the parties, either by accident, fraud or mistake, did not embrace the whole terms of the contract, the sayings or declarations of the parties to vary or enlarge the terms of the written contract, were properly excluded.

Railroads. Right of way. Deed. Evidence. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

For the facts of this case, see the decision.

HENRY L. BENNING, for plaintiff in error.

BLANDFORD & CRAWFORD, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant to compel the defendant, by a decree of the Court, to make certain stock or cattle gaps on its road which run through the complainant's land where his fences joined the same, and also to build a bridge where defendant's road crossed the complainant's mill-road. The complainant alleges that the defendant promised to do these things before he executed to it a deed conveying the right of way through his land, for the consideration of $3,500 00, paid by the defendant to the complainant, the said sum being the amount of damages assessed for the right of way through complainant's land by two arbitrators, selected by the parties for that purpose, and accepted by them. On the trial, the complainant offered to prove by a witness who drew the written agreement to submit the matters in dispute to arbitration, (which was signed by the parties,) what was their agreement and understanding in relation

to the defendant's making the stock-gaps and bridge. The complainant was also offered as a witness to prove a conversation with the defendant as to making the stock-gaps and bridge. This evidence was objected to by defendant, when the Court asked the complainant's counsel if he designed to attack said deed and submission for fraud, accident or mistake, and the reply was that he did not. The Court then rejected the evidence, and on motion of defendant, dismissed the bill; whereupon, the complainant excepted.

1. There is nothing in the written submission, or in the award which the parties accepted, or in the deed executed in pursuance thereof, which refers or relates to the making of stock-gaps or the bridge across the mill-road by the defendant. The contract between the parties, as it appears from the written evidence thereof, was that the defendant should pay to the complainant such damages for the right of way through his land as the two arbitrators might assess. The arbitrators not agreeing as to the amount, the parties themselves agreed that it should be $3,500 00. The defendant paid the amount, and the complainant executed his deed to the defendant, conveying the right of way for the defendant's road, without any conditions or stipulations as to stock-gaps or bridge. Whatever may have been said between the parties anterior to the written agreement or contract, is presumed to have been merged in the written paper signed by them, which is the highest and best evidence as to what was the contract between them: Code, sec. 3709.

2. There is no pretence here that the writings signed by the parties, either by accident, fraud or mistake, do not embrace the whole terms of the contract, and, therefore, the parol sayings or declarations of the parties, to vary or enlarge the terms of the written contract, were properly ruled out. In the absence of any evidence of accident, fraud or mistake in the execution of the paper writings by the parties, there was no error in dismissing the complainant's bill.

Let the judgment of the Court below be affirmed.