BRIDGET A. CROGHAN, trustee, plaintiff in error, *vs.* THE NEW YORK UNDERWRITERS' AGENCY, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. In an action against an insurance company for damages, in that its agent had promised the plaintiff to renew a certain policy on its expiration, is demurrable, when it is not alleged that the plaintiff left the premium with the agent, or that, at the expiration of the policy, it was paid or tendered. It is not sufficient to allege that the money to pay the premium was in the hands of *plaintiff s* agent.

2. It is not competent, under section 3480 of the Code, to amend an action for damages by reason of the defendant's fraud or neglect, by adding a count on an express contract, or by altering the original declaration so as to change it into a suit upon an express contract.

Insurance. Amendment. Before Judge CLARK. Sumter Superior Court. April Term, 1874.

Br'dget A. Croghan, trustee, brought case against the New York Underwriters' Agency for $500 00 damages, averring substantially as follows: That said defendant, by its agent, in the city of Americus, on October 13th, 1869, insured certain property of the plaintiff to the amount of $500 00 for the term of one year; that about two weeks before the expiration of said policy, said defendant, by its agent, promised to renew the same when it should expire; that notwithstanding said promise, and notwithstanding the fact that money sufficient to pay the premium upon such renewal was left in the hands of plaintiff's agent for said purpose, said defendant failed to renew said policy, as it had contracted to do; that plaintiff believed that the defendant had complied with its promise until about December 1st, 1870, when the property insured was totally destoyed by fire, to the damage of plaintiff $500.

The defendant demurred to the declaration. Pending the argument of this question, plaintiff proposed to amend by adding a count upon an express contract of insurance, charging that the defendant did renew said policy on the 13th of October, 1870, for the period of one year.

This being refused by the court, the plaintiff proposed to amend the original declaration by changing it into a suit upon such express contract. This the court also refused to allow. The demurrer was then sustained, and the plaintiff excepted to each of the rulings aforesaid.

W. A. HAWKINS; J. A. ANSLEY; JACK BROWN; FORT & HOLLIS, for plaintiff in error.

N. A. SMITH; GUERRY & SON, for defendant.

McCAY, Judge.

1. We are clear that the original declaration in this case failed to state a good cause of action of any kind. It alleges, in substance, that the plaintiff was the holder of a policy issued by the defendant, which was about, in a short time, to expire; that on the 1st of October, 1870, about two weeks before it would expire, the agent of the company promised,

when it did expire, he would renew it, and that he failed so to do, although the plaintiff had money in the hands of his (*the plaintiff's*) agent to pay the premium; that the plaintiff, supposing the policy to have been renewed, rested content; that the property was soon after destroyed by fire, and that he has thus been damaged by the failure of the defendant's agent to insure, as he had promised him to do.   Now, it is not competent for one to employ an insurance agent to effect an insurance or renewal in the agent's own company.   He cannot take the agency of one wishing to insure, without the consent of his principal.   To be agent for both parties to a contract is to undertake inconsistent duties, and such a mutual agency requires the consent of both principals to the mutuality of the agency.   But there is no allegation that anything was paid for the renewal.   The only thing alleged is that the agent promised to renew.   It is not charged that he promised to renew without the cash, or that he promised to call on plaintiff's agent for the cash.   It does not appear that there was any understanding about this.   It simply appears, by the allegations, that plaintiff's agent had the money.   It is not even said that the defendant's agent knew that fact, or even knew who plaintiff's agent was, though we do not think, had he known it, that would help the case.   If it is meant simply that the defendant's agent promised to renew, then the promise is without consideration.   It is a gratuitous undertaking, and is not the basis of an action.   Though it is not alleged that this promise was by parol, and the declaration is not demurrable for the want of an allegation that it was in writing, yet the law requires an insurance contract to be in writing, and one must conclude, from all that is said, that there is even this defect in the case.   But if nothing passed other than is stated in the declaration, the plaintiff had no right to expect or think there had been a renewal, and if he did so, he is the cause of his own misfortune.   All he alleges is, that the defendant's agent promised to renew.   Common sense must construe this to mean, he would renew on payment of the premium.   He had no right, as agent, to make any other promise.   From

the very nature of his agency, even if he could do that, certainly, when the time came, it would be his duty not to insure if any change had taken place increasing the risk, even if, when the day came, the plaintiff's agent had tendered the money.

2. But the plaintiff proposed to amend by suing on the policy as renewed and setting it forth. Could he do this? The declaration was originally a declaration *ex delicto.* The amendment adds a count *ex contractu.* The first count is for a fraud or for negligence; the second is for breach of a contract. The Code plainly implies that two such causes of action cannot be joined, Code, section 3261, since it provides only for the joinder of all causes of action *ex contractu* with others of like character, and so of actions *ex delicto.* And this is clearly the logic and sense of the matter. The general issue is different, and the whole nature of the thing is different. The decision in which it is intimated that one may be changed to the other was before the Code. It is now provided, section 3480, that no amendment, setting forth a new or different cause of action, can be allowed. It seems absurd to say that an action for deceit can, in any case, be for the same cause of action as an action on a contract. Different elements are necessary to constitute them. One is based on fraud, the other on contract. The first count here is for fraud or negligence for *not contracting,* the second is for breaking the contract. We think the amendments were properly rejected for another reason. The written contract of insurance is set out; by its terms, the renewal is to be entered on it; it does not appear there, and it is not alleged that it is written any place else. A contract of insurance must, by the Code, be in writing. It is very plain that this alleged renewal was not in writing, and if not it is absurd to sue on a contract. If there was no writing, the action on the case for a fraud is all that will lie, and, as we have seen, the count on that idea is fatally defective. We do not decide the other points as they are immaterial.

Judgment affirmed.