## HAWKINS vs. BEVEL.

1. Parol evidence to attach a condition to a deed is inadmissible in the absence of proper pleadings for that purpose.
2. A bill which seeks to attach such condition, and which does not set out the deed, nor otherwise show why it does not express the true contract, is demurrable.

Evidence.   Equity.   Before Judge BARTLETT.   Pike Superior Court.   April Adjourned Term, 1878.

Reported in the decison.

J. J. FLOYD; ALFORD & McDANIEL, for plaintiff in error, cited Code, §2690; 20 *Ga.*, 723; 24 *Ib.*, 333; 36 *Ib.*, 669; 10 *Ib.*, 471; 2 Story's Eq., 235.

J. A. HUNT; CLARK & PACE, for defendant, cited Code, §2757; 10 *Ga.*, 410; 34 *Ib.*, 355; 39 *Ib.*, 550.

WARNER, Chief Justice.

This was a bill filed by complainant against the defendant, in which she alleged that she and her husband were old people; that, in 1867, she then being a widow, intermarried with Thomas Hawkins, who was a widower, and the owner of eighty acres of land on which he resided; that about the year 1870, or 1871, the said Thomas was induced by the defendant to make a deed of gift to said land to him, upon the express condition that he would, out of the rent of said land, support complainant and the said Thomas, her husband, during their natural lives, although

no such agreement is stated in said deed, so far as complainant can find out, he having said deed in his possession, (nor is it alleged that any such agreement was made,) and that owing to her advanced age and feeble health, she is unable to go to Zebulon and examine the records ; that the rent of said land is worth $75.00 per annum, and that defendant refuses to appropriate any part thereof to her support, and prays that he may be decreed to support her. The complainant also alleges that, on the 27th of December, 1876, her said husband departed this life, leaving no property, no will, and there has been no administration, for the reason that he had nothing to be administered. When the case was called for trial, the court, after hearing complainant's parol evidence, ruled it out, and the defendant then made a motion to dismiss the complainant's bill for want of equity. The court sustained the motion, and the complainant excepted.

Assuming that the proper parties were before the court, there was no error in dismissing the complainant's bill. Neither the deed nor a copy thereof was before the court, consequently it did not appear whether it was made upon a good or valuable consideration. According to the facts as disclosed in the record, it was an attempt to annex a condition to a deed for land by parol evidence, there being no allegation in complainant's bill to lay the foundation for the introduction of such evidence, which parol evidence, the record shows, was offered by the complainant and ruled out before the motion to dismiss the bill was made.

Let the judgment of the court below be affirmed.