· HALL *vs.* WALLER.

1. Where an absolute deed was made and possession delivered thereunder, a subsequent suit by the feoffor against the feoffee on the ground that the deed was in fact a security for a debt, made so that the creditor could sell the land, reimburse himself, and pay the balance to the debtor, and that he had failed so to do, but had rented the land and afterwards sold it, but never paid the debtor anything, was demurrable, no fraud, accident or mistake being alleged as to the making of the deed.

2. An amendment to such a declaration to the effect that the plaintiff authorized the defendant to sell the land, settle the outstanding debt, and turn over the balance to him, that the defendant had sold the land, realizing $400.00 above the amount due on the notes, which he failed to pay over, introduced a new and distinct cause of action, and was demurrable.

Contracts. Actions. Amendments. Deeds. Before Judge LAWSON. Monroe Superior Court. August Term, 1880.

Reported in the decision.

JOHN RUTHERFORD; W. D. STONE, for plaintiff in error.

BERNER & TURNER, for defendant.

CRAWFORD Justice.

James G. Hall, in December, 1875, made Smith Waller an absolute deed to a tract of land known as the Bivins place, and put him in possession thereof. In 1879, he brought suit against Waller, alleging in substance, that being indebted to him about $1,800.00 at the time above mentioned, and desirous of paying it, he executed the deed named, but that it was only for the purpose of allowing Waller to sell the land, pay himself and then turn over to him the excess, which they thought would amount to about $700.00. But that Waller immediately rented out the land for the ensuing year, and afterwards sold it, and had never paid him over anything. That in making a deed he confided in Waller's christian character, and his assertion that he would sell the land in a day or two and pay him the excess. On demurrer this declaration was held bad, and the plaintiff offered an amendment, alleging substantially that he had authorized Waller to sell the Bivins land for what he could get, pay the notes and return the overplus to plaintiff, and that he had sold the land, realizing $400.00 above the amount due on the notes which he fails to pay over.

This amendment was demurred to, upon the ground that it introduced a new and distinct cause of action, which was sustained by the court, and to both of which rulings the plaintiff excepted.

We think that there was no error in the judgment of the court on these demurrers.

1. The original declaration showed a written contract under seal between the parties, which by all the rules of law is held to contain the final agreement, and to have merged into it all preceding negotiations upon the subject. To hold this declaration good, therefore, would be to allow parol testimony to engraft upon a deed a new and additional contract, which the plaintiff does not allege was intended to have been inserted by either of the parties thereto, or was agreed to and omitted by mistake. The deed is a clear, definite and specific contract, and parol evidence is inadmissible to attach a stipulation thereto, to vary its terms or affect the rights of the parties thereunder. 61 *Ga.*, 262 ; 62 *Ib.*, 332 ; Code, §3762.

The fraudulent conduct alleged against the defendant in this declaration does not claim that the written contract did not contain all that was to have been embraced in it. With no other pleadings therefore, it is insufficient to authorize the maintenance of the suit, even with parol proof to sustain it. 50 *Ga.*, 211 ; 60 *Ib.*, 159.

2. The amendment made a new case, which was the refusal of an agent to pay over money due his principal after deducting what was due himself, and of course being a different cause of action, although it might be a just and legal claim, was totally variant from that in the original suit, and was demurrable.

Judgment affirmed.