BURCH *vs.* The Augusta, Gibson and Sandersville Railroad Company.

1. Where a land-owner signed a written agreement presented to him by one of the agents of a railroad company, whereby he agreed

Burch *vs.* The Augusta, Gibson and Sandersville Railroad Company.

that, if the survey of the railroad should run through his lands he would give a rig ht of way through them thirty feet in width, on the trial of an action brought by him against the company for taking and occupying a right of way ac ross his land, it was not competent for him to prove by parol that he stated to the agent of the company, before signing the paper, that they might come through his land if they desi red to do so, but they must come along a certain ditch, there being no effort to reform the writing or to show any fraud which would authorize a reformation thereof.

2. The verdict w as sustained by the evidence, and there was no error in refusing to grant a new trial.

November 12, 1887.

Evidence. Verdict. New Trial. Before Judge Roney. Richmond superior court. April term, 1887.

Burch brought an action of trespass against the railroad company, alleging that in defiance of his protest, it entered on his land, making him no tender of damages and refusing to recognize his right to any, and took possession of a strip thirty feet wide, and made its road-bed, severing his farm in two, and damaging him in certain specified ways. The defendant pleaded the general issue, and set up an agreement, signed by Burc h, among others, " to give and deed the right of way to said company, in the event the line of survey that is adopted shall pass through any of our lands." It was pleaded that the defendant obtained this agreement before entering on the land; and that it entered with the knowledge and acquiescence of plaintiff, and built its road without objection from him, and thereby he was estopped from maintaining this action, etc. The remainin g facts are sufficiently stated in the decision.

F. W. Capers, Jr., by brief, for plaintiff.

Wm. T. Gary, for defendant.

Blandford, Justice.

Burch signed a written agreement presented to him by

one of the agents of this railroad company, whereby he agreed that if the survey of the railroad should run through his lands, he would give the right of way through the same for thirty feet. On this trial of this case, the writing was introduced in evidence. Burch sought to avoid the effect of it by offering himself and others as witnesses to prove what he stated to this agent before he signed the paper, that is, that they might come through his land if they desired to do so, but that they must come along a certain ditch. This was objected to, and the court sustained the objection and refused to admit the testimony.

It appears, furthermore, that the company did make a survey, and built the road where it now runs through the lands of Burch, and that Burch made no objection or complaint to any officer or agent of the company, so as to give notice that he objected to the building of the road through his land where it was built, instead of along the ditch referred to.

A verdict was rendered for the defendant, and Burch made a motion for a new trial, mainly upon the ground that the court erred in ruling out this testimony, offered by him to show what had passed between him and the agent of the company prior to the time he signed this written agreement.

This agreement amounted to a license to the railroad company to pass through Burch's land. He sought to vary it by showing that before he signed the writing, it was agreed verbally that, while the road was to pass through his land, it was to pass in a particular way. We think that testimony was obnoxious to the rule that parol evidence is inadmissible generally to contradict or vary the terms of a valid written instrument. There was no attempt in this case to have the writing reformed, or to show that there was any fraud practiced upon Burch that would authorize a reformation of the contract; nothing of that sort appears in the record.

We think, therefore, that the court did right to reject

the testimony; and this being the main objection, and there being sufficient evidence to sustain the verdict, we think the court did right to overrule the motion for a new trial. *

Judgment affirmed.