## LEE *v.* SAVANNAH AND STATESBORO RAILWAY CO.

The plaintiff having failed at the trial to support the material allegations of the petition and the amendments thereto, it was not error to grant a nonsuit.

Submitted March 1, — Decided April 1, 1902.

Action for damages. Before Judge Evans. Bulloch superior court. April 22, 1901.

*John F. Brannen* and *H. B. Strange,* for plaintiff.
*Groover & Johnston* and *H. A. Brannen,* for defendant.

SIMMONS, C. J. An action for damages was brought against the defendant company by Mrs. Lee. She alleged that she had granted it a right of way over her land, that it had constructed its road-bed within fifty feet of her house, had cut and destroyed her shade trees and grape vine, had rendered her ingress and egress dangerous, and otherwise damaged her. She alleged that this was tortious and wrongful, and that she had understood that the road-bed was to be constructed at least 100 yards from her house on a line known in the survey as " No. 1." She amended her petition by alleging that it was distinctly agreed and understood by both parties, at the time of the execution of the deed to the right of way, that the road-bed should be built along the line known as " No. 1;" and that this was intended to be and should have been so stated in the deed, but was left out by accident or mistake of the parties thereto. To her petition she attached a copy of the deed she had made to the railway company. This deed recited that she, for one dollar, had sold and conveyed to the railway company "the right of way through her land," describing the land by its boundaries but in no way defining or limiting the right of way granted. The defendant's plea denied that there was any understanding or agreement as to where the road should be constructed. On the trial of the case, at the conclusion of the plaintiff's evidence, the judge granted a nonsuit. The plaintiff excepted.

We have carefully read the evidence set out in the bill of exceptions, and find that the plaintiff utterly failed to make out the material allegations made in her petition and the amendment thereto. The deed to the defendant granted it the right of way through plaintiff's land, but did not specify the number of feet granted, the width of the road-bed, or along what line it should be constructed. The plaintiff, under her amendment, attempted to prove by parol a mutual understanding and agreement that the road-bed should be constructed along a certain line mentioned in her petition. Her own evidence on this point shows that she had no understanding or agreement whatever with the company or its agents as to this matter. So far as she knew, nothing had been left out of the deed by mistake, accident, or fraud. The evidence showed that one Parrish had obtained the deed from her. In his testimony he failed

to show that there was any understanding between the parties as to the exact location of the road-bed. There seems to have been a tacit understanding between him and the grantor that the road-bed should not be built so close to the house as it was, but this understanding was not communicated to any officer or agent of the company before the construction of the road-bed, and Parrish was not an agent of the company but "took up" certain grants of rights of way to it because he desired that the road should be run on "his side" of a certain creek. It is claimed that when the road was constructing near the plaintiff's house, Parrish protested to the engineer in charge. The evidence does show this, but it does not show that he informed the engineer or any other agent of the defendant company that there was any understanding or agreement that the road was not to be constructed along the line on which it was built. The deed granting the right of way was, as before remarked, very broad, and failed to limit the defendant to any definite line. The defendant could not be bound by any belief of the grantor as to where the road would be constructed, when the defendant knew nothing of such belief until after the construction was well under way. It was the fault of the plaintiff that she did not insert in the deed a stipulation as to the location of the road-bed. Inasmuch as she did not do this, and inasmuch as she failed to show that anything was left out of the deed by accident, mistake, or fraud, we are of opinion that the court did right in granting a nonsuit.

Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.