SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* HARRIS *et al.*

117 1001
f 117 1005
117 1001
122 803

1. Where one enters into a written contract granting to a telephone and telegraph company the right to construct lines of telephone and telegraph over property which he owns or in which he has an interest, it is error, in a suit brought by the company to enforce the contract, to admit parol evidence showing that it was the understanding of the parties, when the contract was entered into, that the contemplated line of telephone and telegraph was to be erected along a specified portion of property owned by the other party to the contract.
2. Where a contract contains a recital of the payment of one dollar as its consideration, the contract is valid though the sum named was not actually paid. It creates an obligation to pay that sum, which can be enforced by the other party.
3. In a suit brought by the telephone and telegraph company to enforce a contract of the nature indicated in the first headnote, it is not competent for the other party to set up, as a reason for its non-enforcement, that he was not the sole owner of the property, his alleged co-owners not being parties and raising no objection.

Submitted March 24, — Decided June 3, 1903

Injunction.    Before Judge Littlejohn.    Sumter superior court. December 30, 1902.

*Hooper & Dykes* and *Allen Fort & Son,* for plaintiffs.
*J. H. Lumpkin,* for defendants.

FISH, J.    The Southern Bell Telephone & Telegraph Company applied to the judge of the superior court for an injunction to restrain Mrs. Harris and one Bray, alleged to be her agent, from interfering with the plaintiff in the erection of a telephone and telegraph line across the lands of the defendant Mrs Harris.    The de-

fendants filed an answer in the nature of a cross-bill, denying the plaintiff's right to an injunction, and praying that it be enjoined from proceeding further with the erection of the telephone and telegraph line described in its petition.    On the hearing the court denied the injunction prayed for by the plaintiff, and granted that asked for by the defendants.    The plaintiff excepted.

1. The undisputed evidence showed that the defendant Mrs. Harris entered into a contract with the plaintiff, of which the following is a copy:    "$1.00. Received of Southern Bell Telephone and Telegraph Company one . . . . . . 100 dollars, in consideration of which I hereby grant unto said company, its successors and assigns, the right, privilege, and authority to construct, operate, and maintain its lines of telephone and telegraph, including the necessary poles and fixtures, upon and over the property which I own, or in which I have an interest in the . . . . . . . of . . . . . . . county of Sumter and State of Georgia, and along the roads, streets, or highways adjoining the said property; said sum is received in full payment for said right and the right to trim and cut trees along said line necessary to keep the wires cleared at least 25 feet, and the further right to erect the necessary guy and brace poles, and attach to trees the necessary guy wires.    It is agreed that the company pay all damages to crops in constructing and maintaining said line.    Witness my hand and seal this 26th day of Nov., A. D. 1902, at Americus, Ga.                    M. C. Harris (landowner).

"Witness:    J. H. Cheney."

Mrs. Harris offered evidence tending to show that the agent of the plaintiff, who induced her to sign the contract, represented to her that the telephone and telegraph line would be erected along or near to a public road which traverses her land, and that she signed the contract believing this representation to be true, and with the understanding that the line would be so constructed.    The plaintiff objected to the introduction of this evidence, on the ground that it sought to vary by parol the terms of the written contract between the parties.    The overruling of this objection constitutes one of the plaintiff's assignments of error.    We think this objection was well taken and should have been sustained.    The familiar rule, that ambiguities in written contracts may be explained by parol evidence, has no application to the present case.    The written contract signed by Mrs. Harris was not ambiguous.    The mere

fact that it did not specify the particular portion of the land through or across which the line was to be constructed did not constitute an ambiguity within the meaning of the rule.    The terms of the contract, so far as they went, were plain and unambiguous.    Under the contract the line was to be constructed upon and over the property which Mrs. Harris owned or in which she had an interest, and evidence which sought to restrict the contract to a designated portion of such property, thereby excluding all the remainder of it, certainly varied the terms of the contract.    This point in the case is controlled, in principle, by the decision in *Burch* v. *Railroad Co.*, 80 *Ga.* 296.    In that case Burch agreed that if the survey of the railroad company should run through his lands, he would give a right of way through them thirty feet in width.    On the trial of an action of trespass brought by Burch against the railroad company, the plaintiff sought to prove by parol that the agreement he made with the agent of the company was that it might come through his land, but must come along a certain ditch.    The trial court rejected this testimony, on the ground that it varied the written contract between the parties, and this ruling was affirmed by this court. The two cases are not distinguishable upon principle, and the ruling made in the *Burch* case is controlling here.    See also *Lee* v. *Savannah Ry. Co.*, 115 *Ga.* 64.    There was in the present case no prayer for a reformation of the contract, nor any allegation of fraud, accident, or mistake.    This being so, and the ruling of the trial judge in admitting the parol evidence being of such a character as to influence, if not control, his decision in granting an injunction at the instance of the defendants, his judgment in so doing must be reversed.

2. It is said, though, that the judge could have found from the evidence that Mrs. Harris never received any consideration for the contract; that the sum stated in the contract as the consideration moving her to execute it was never in fact paid to her, and she never received the benefit of it.    Granting that this is so, this would not make the contract a nudum pactum, and for this reason unenforceable.    It expresses a consideration of one dollar, and the payment of this sum may be enforced by Mrs. Harris.    The contract binds Mrs. Harris to allow the use of her land in the manner therein specified, and creates a corresponding obligation on the part of the company to pay the sum named as the consideration for the

right granted it.   *Nathans* v. *Arkwright*, 66 *Ga.* 179.   See also *Martin* v. *White*, 115 *Ga.* 868.   Mere inadequacy of consideration would, of course, constitute no reason for disregarding the contract; and even if the small sum stated in the contract was the only consideration which moved the defendant Mrs. Harris to execute it, she entered into it voluntarily and must be bound by its terms.   There is no suggestion that she could not read, or that any fraud or imposition was practiced upon her.   She accepted at her peril verbal statements of the company's agent differing from the terms of her contract, and the courts are bound to enforce the written contract as made.

3.   There is some slight intimation in the defendants' answer, which was used as an affidavit on the hearing, that Mrs. Harris is not the sole owner of the land across which the plaintiff is building its telephone and telegraph line.   The allegations with reference to this matter are, however, entirely too loose and general to avail the defendants anything, even if the fact that the defendant Mrs. Harris did not have the entire interest in the property would constitute any reason for granting an injunction at her instance. The intimation in the answer is that her children are part owners of the property, but the children are not complaining.   Mrs. Harris defended the plaintiff's suit, and prayed for an injunction in her individual right and not as the representative of her children, and they are not represented in court by a guardian ad litem or otherwise.   Mrs. Harris would clearly be estopped to deny ownership of land which she claimed to own when the contract was made.   And in addition to this, the contract states in terms that the plaintiff shall have a right to construct its line over property owned by Mrs. Harris, or in which she has *an interest.* So long, therefore, as the children do not complain, it does not lie in her mouth to set up their joint ownership with her as a reason why the plaintiff ought not to be allowed to construct its line.   The court erred in granting the injunction prayed for by the defendants, but ought to have granted an injunction to the plaintiff, restraining the defendants from interfering with the erection of its telephone and telegraph line across the property described in the petition.

*Judgment reversed.   By five Justices.*