## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* HOLLAND.

1. There was no error in overruling the demurrer in this case, based upon the ground that the writing containing the agreement between the plaintiff and the alleged agent of the defendant was not attached to the petition.
2. The special demurrer raised valid objections to certain paragraphs of the petition; but this court does not remand the case for error in overruling such demurrer, inasmuch as the defendant, who made the exception as stated in the special demurrer, also raises questions going to the merits of the entire case as presented in this record, which are sustained.

3. Parol evidence is inadmissible generally to contradict or vary the terms of a valid written instrument; and the application of this rule required the exclusion of the evidence offered by the plaintiff, to the admission of which the defendant excepted.

Argued June 19, 1908.—Decided February 22, 1909.

Action for damages. Before Judge Fite. Gordon superior court. December 9, 1907.

*D. W. Blair, F. A. Cantrell,* and *Tye, Peeples, Bryan & Jordan,* for plaintiff in error. *R. J. & J. McCamy,* contra.

BECK, J. Holland brought suit for damages against the Louisville and Nashville Railroad Company, and alleged, that on a certain day in 1905 he was approached by one G. H. Aubrey, "who was acting as agent for said railroad company in securing a right of way through said land for the purpose of constructing, and did thereafter construct, its line of railroad, and the said Aubrey requested petitioner to give a right of way" through a certain lot of land of which the plaintiff was the owner; that there was a valuable spring of water on the lot of land, and that the plaintiff secured his supply of water from the spring. "Petitioner told the said agent that he would donate the company a right of way through the lot, on condition that this spring, and the water running from it, would not be interfered with; and, upon the assurance of the agent that this would be carefully done, he did give said railroad company a right of way through his land. . .
When the railroad company came to locate and build its tracks, it located and built the same right over the spring, filling the same with dirt and rock, closing the same up and absolutely destroying the same, so that now no water flows from it," in consequence of which he has been injured and damaged, etc. The petition was demurred to, on the grounds: (1) that the agreement with reference to the conveyance of the right of way to the defendant was in writing, and a copy of it should have been attached to the petition, in order that the court might determine as to the agreement made by the defendant and its obligations thereunder, and to enable the defendant to intelligently plead; (2) that the allegations are wholly insufficient in showing to what extent the plaintiff has been injured and damaged by reason of the alleged violation of the contract referred to, and the defendant is entitled to a complete statement showing the details which enter into and make up

the sum of $1,500 sued for; (3) that the petition sets forth no cause of action. The demurrer was overruled. There was a verdict against the defendant. It excepted to the refusal of a new trial, and to the ruling upon the demurrer.

1. There was no error in overruling the demurrer in this case, based upon the ground that the writing containing the agreement between the plaintiff and the alleged agent of the defendant was not attached to the petition. There are no allegations in the declaration showing that the agreement was in writing, as is recited in the demurrer, which, to that extent, is a speaking demurrer.

2. A petition seeking to recover for a breach of contract is maintainable for nominal damages, although special damages be not alleged. If damages of the latter character are sought, they should be properly alleged. In the absence of any allegation of special damages, proof of them will be rejected on objection. A paragraph of the plaintiff's petition, apparently seeking to allege such damages, was subject to special demurrer for want of sufficient specification. But, inasmuch as the striking of such paragraph would still leave the case standing for nominal damages, to declare and vindicate the plaintiff's alleged right, and inasmuch as the defendant, who makes this exception, also raises the question whether the plaintiff is entitled to any recovery at all, and we hold that he is not, upon the evidence as here presented, it will not be necessary to remand it because of the minor error against the defendant in regard to the special demurrer, without passing on the merits of the controlling question in the case.

3. In the first and second grounds of the amended motion, error is assigned upon the refusal of the court to exclude, upon objection made by defendant's counsel, the following testimony of the plaintiff: "The first conversation I had with Aubrey—I believe was his name—he was the man that got the right of way at Hamrick's store. He said he had the right of way all the way up to me and Bill Wood—everybody was giving the right of way; and I said that I had but little water on my place, and that I couldn't afford to give up what little water I had for a railroad; and he says, 'We will just leave you in as good a shape as we found you.' Afterwards I made a deed conveying the right of way. I said 'I will give the right of way with these conditions, that the railroad is put west of my house and my water not in-

terfered with;' and Colonel Aubrey said, 'I will leave your water in as good condition as we found it.'" These two grounds of the motion are considered together, because the question of the admissibility of the evidence set forth in both of the grounds is to be determined under the application of the same principles of the law of evidence, and those principles are to be found stated in prior adjudications of this court in cases very closely in point. In *Southern Bell Telephone & Telegraph Co.* v. *Harris,* 117 *Ga.* 1001 (44 S. E. 885), it was held that "Where one enters into a written contract granting to a telephone and telegraph company the right to construct lines of telephone and telegraph over property which he owns or in which he has an interest, it is error, in a suit brought by the company to enforce the contract, to admit parol evidence showing that it was the understanding of the parties, when the contract was entered into, that the contemplated line of telephone and telegraph was to be erected along a specified portion of property by the other party to the contract." In the statement of facts in the case of *Burch* v. *Augusta, Gibson & Sandersville R. Co.,* 80 *Ga.* 296 (4 S. E. 850), it appears that Burch signed a written instrument whereby he agreed that if the survey of a railroad company should run through his land, he would give the right of way through the same for 30 feet; and on the trial the writing was introduced in evidence. Burch sought to avoid the effect of the writing by offering testimony to show that before signing the paper he stated to the agent of the company that "they might come through his land if they desired to do so, but they must come along a certain ditch." The testimony offered was rejected, and the ruling of the court repelling the testimony was excepted to. In the course of the opinion this court said: "This agreement amounted to a license to the railroad company to pass through Burch's land. He sought to vary it by showing that before he signed the writing it was agreed verbally that, while the road was to pass through his land, it was to pass in a particular way. We think that testimony was obnoxious to the rule that parol evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." The point which we have under consideration in this case is controlled in principle by the decisions in the two cases from which we have made the foregoing quotations. Numerous other decisions stating the rule in similar cases might be cited. The

testimony of the plaintiff in the instant case shows that the railroad was located upon the right of way which had been "given" to the railroad company. The deed conveying the strip of land upon which the railroad was constructed was introduced in evidence. It conveyed the land absolutely to the company, without reservation or conditions, and without any of the stipulations which the plaintiff was permitted to testify had been made by the alleged agent prior to the execution of the written instrument. There were no allegations that the conditions, which the plaintiff now insists upon, had been omitted from the writing by fraud, accident, or mistake, and there was no prayer for a reformation of the deed; and the court should have excluded the testimony objected to in this case, for its admission violated the rule that parol evidence is inadmissible generally to contradict or vary the terms of a valid written instrument. The ruling upon this ground of the motion for a new trial, which is controlling of the case as presented in this record, renders it unnecessary to pass upon any of the other questions made in the motion for a new trial, or upon the special demurrer to paragraphs 1 and 7, which relate to the amount of damages sought to be recovered and the way in which the injuries were inflicted from which it is alleged the damages flowed.

*Judgment reversed. All the Justices concur.*