## LOUISVILLE & NASHVILLE RAILROAD COMPANY v. WILLBANKS.

Where one by deed conveys to a railroad company absolutely and unconditionally a right of way for the construction of a railroad thereon, it can not be shown by a contemporaneous parol agreement that it was a part of the consideration of such deed that the grantor was to have a permanent right of way over the land conveyed, and that the company was to erect and permanently maintain crossings on the right of way for this purpose, in an action by the grantor against the grantee to recover damages because of the failure of the grantee to comply with such parol agreement.

Submitted February 3,—Decided June 29, 1909.

Action for damages. Before Judge Fite. Murray superior court. February 17, 1908.

*D. W. Blair* and *C. N. King,* for plaintiff in error.

*C. L. Henry* and *R. J. & J. McCamy,* contra.

HOLDEN, J.  Willbanks brought suit against the railroad company for damages alleged to have been caused by reason of its failure to build three crossings on its right of way acquired from him by deed.   The plaintiff alleges:   "Petitioner further shows that in the contract made with him by the defendant for the right of way for the construction of a railroad through his said lot of land, No. 308, 9th and 3rd, and as a part of the consideration moving him to convey said right of way to said railroad company, the said railroad company, acting through its agents C. N. King and W. M. Cox, who took said conveyance, promised him to construct three crossings as mentioned in paragraph five of the original declaration. This was done to enable plaintiff to go from one part of his farm to another, and to enable him to reach his timber land lying across the railroad from his house, and to enable him to haul his crops and such timber as he needed across the railroad.   This agreement was in parol, and does not appear in the deed he gave to said railroad company, conveying it the right of way.  .  .   In the agreement aforesaid petitioner agreed that he would furnish the timber necessary to construct the said crossing; and pursuant to the said contract, the said railroad company, through its said agent, did construct one of the said crossings, and it began the construction of another one, but before finishing the second crossing it abandoned the same and tore it up, together with the first and complete crossing, carried away the timbers furnished for the construction of the said crossing, and used them on another part of the line of said railroad company."  To this petition general and special demurrers were filed, which the court overruled, and the company excepted.

One ground of demurrer was as follows:   "The plaintiff's petition as amended sets forth no cause of action against defendant, for the reason that the alleged parol agreement was contemporaneous with the written agreement between the parties, and it is not permissible to vary or add to that written agreement by parol proof.   The law conclusively supposes the entire contract to be merged into writing; and it appearing that the matters complained of are not contained in the written agreement, there is no right of recovery in favor of plaintiff.

The deed wherein the plaintiff conveyed to the company the right of way is not attached to the petition, but it is alleged that the plaintiff did make a deed to the company wherein he conveyed to it the right of way. Construing the allegations in the plaintiff's petition to mean that a part of the consideration of the deed was an agreement on the part of the company to build the three crossings to which reference is made, if no such consideration was expressed in the deed, could it be established by parol? The plaintiff alleges that in this deed he conveyed to the company the right of way. The company under this deed acquired the right of way and had unconditional ownership thereof. Parol evidence of an agreement that the defendant was to erect crossings on such right of way, and give the plaintiff the right to travel over the same, would vary the legal import of such deed. A contract for the right to have crossings permanently maintained on the right of way, and the right to permanently travel thereupon, would mean the reservation of an interest in the grantor in the right of way to which he had conveyed the fee-simple title, and would be inconsistent with the unconditional ownership thereof and its free and unrestricted use by the grantee. If the plaintiff had an agreement by which the company, in consideration of a deed being made to it, conveying the right of way, was to erect crossings and give the plaintiff the right to pass over the same, such agreement should have been incorporated in the deed. If the agreement was made and was a part of the contract, but left out by fraud, accident, or mistake, the deed might be reformed upon proper proceedings for this purpose. If parol evidence of such agreement could be admitted to contradict the terms of the deed, other agreements which would more seriously interfere with the use, right, and title of the company would also be admissible; and this might be carried to such an extent as to practically destroy the company's use of the right of way. The purpose for which the company acquired the right of way was for the construction of a railroad thereon. While as a general rule it is competent to inquire into the consideration of a deed and to show the real consideration by parol (Civil Code, §3599), this rule has its limitations. Where there is an absolute conveyance of a right of way, with no reservations in the deed, a reservation of a permanent easement over such right of way and a requirement that the grantee erect and permanently maintain cross-

2

ings on such right of way for the use of the grantor can not be shown by parol. *Cook* v. *North & South R. Co.,* 50 *Ga.* 211. In Mattison *v.* Chicago &c. R. Co., 42 Neb. 545, 552 (60 N. W. 925, 927), it was said: "By the evidence of the parol agreement in the case at bar, it was not the object to show a separate, distinct contract from the one contained in the deed, but to show one by which the terms of the deed, as the contract of the parties, would be changed by reading into it a reservation or condition by which the appellee would be given a right of a permanent crossing over the right of way of the appellant; not showing the purpose for which the deed was made, but changing the terms of the grant of the right of way from a full and complete conveyance to one upon which was imposed the servitude of the appellee's right of crossing, thus varying it and modifying it in a very material portion of it. This, we think, was clearly in direct violation of the rule, not only in its terms, but in the reasons upon which it is founded. The evidence was inadmissible and incompetent, and the contract, resting as it did in parol, could not be allowed to alter the terms and conditions of the deed." In Schrimper *v.* Chicago &c. R. Co., 115 Iowa, 35 (82 N. W. 916, 87 N. W. 731), a case involving similar facts, a like ruling was made. In this connection, see also *Hiers* v. *Mill Haven Co.,* 113 *Ga.* 1002 (39 S. E. 444) ; *Charleston &c. Railway Co.* v. *Fleming,* 118 *Ga.* 699 (49 S. E. 664) ; *Louisville &c. R. Co.* v. *Holland,* 132 *Ga.* 173 (63 S. E. 898) ; *Hawkins* v. *Bevel,* 61 *Ga.* 262 ; *Muller* v. *Rhuman,* 62 *Ga.* 332 (3) ; *Anderson* v. *Continental Ins. Co.,* 112 *Ga.* 532 (37 S. E. 766) ; *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801) ; *Nelson* v. *Spence,* 129 *Ga.* 35 (58 S. E. 697) ; *Chapman* v. *Gordon,* 29 *Ga.* 250; *Southern Bell Tel. Co.* v. *Harris,* 117 *Ga.* 1001 (44 S. E. 885) ; *Sawyer* v. *Vories,* 44 *Ga.* 662 ; 2 Devlin on Deeds, §850a, pp. 1147, 1148; 4 Enc. Ev. 199. No question in regard to the right of a way of necessity is involved in this case. In our opinion, the trial judge should have sustained the 7th ground of demurrer, above set out.

In view of the ruling made, it is unnecessary to consider the other grounds of the demurrer.

*Judgment reversed. All the Justices concur, except*

ATKINSON, J., dissenting. The deed from the plaintiff to the defendant was not set out, and the only means of ascertaining its character is by referring to the general allegations in the petition.

From them it appears that a "right of way for the construction of a railroad" through plaintiff's land was conveyed. Considering the purpose of the grant, "right of way" should be construed as referring to an easement over plaintiff's land, rather than to a grant of the land itself. The case of the East Ala. Ry. Co. *v.* Doe ex dem. Visscher, 114 U. S. 340 (5 Sup. Ct. 869, 29 L. ed. 136), involved the construction of a deed, which, among other things, contained the following: "doth give, grant, bargain, and sell unto the said railroad company, and their successors and assigns, the right of way over which to pass at all times by themselves, directors, officers, agents, hirelings, and servants, in any manner they may think proper, and particularly for the purpose of running, erecting, and establishing thereon a railroad with a requisite number of tracks; . . and connected with the said right of way, the said company shall have the right to cut down and remove all such trees, underwood, and growth, and timber on each side of said road as would, by falling on or striking the same, injure the rails or other parts of said road; together with all and singular the rights, members, and appurtenances to the said strip, tract, or parcel of land being, belonging, or in any wise appertaining, and, more especially, the right of way over the same; to have and to hold the same unto the said Opelika & Oxford R. R. Company, their successors and assigns, to their own proper use, benefit, and behoof forever, in fee simple." On page 350, the court, in considering the deed, among other things said: "The right granted was merely a right of way for a railroad. It was granted to an existing corporation, which had a franchise. The grant to the 'assigns' of the corporation can not be construed as extending to any assigns except one who should be the assignee of its franchise to establish and run a railroad. Nor did the mention of rights, members, and appurtenances belonging and appertaining to the strip of land, or the use of the words 'forever, in fee simple,' enlarge what was otherwise the limited character of the grant. No fee in the land was conveyed, nor any estate which was capable of being sold on execution on a judgment at law, or separate from the franchise to make and own and run a railroad. The corporation could not have made a voluntary conveyance of the right of way, severed from its franchise. What it acquired was merely an easement in the land, to enable it to discharge its function of making and maintaining a public highway, the fee of the soil

remaining in the grantor." In the case of Douglass *v.* Thomas, 103 Ind. 187 (2 N. E. 562), it was held: "A deed executed prior to May 6, 1853, conveying to a railroad company 'the right of way,' of an undefined width, over certain real estate, such deed containing a stipulation that such company was to 'have and hold the said rights and privileges to the use of said company so long as the same shall be required for the uses and purposes of said road,' conveys nothing more than an easement in or right of way over the land, and not the fee simple." In the case of Brown *v.* Young, 69 Ia. 625, it was held: "A right of way for a railroad is only an easement, though it be conveyed by deed; and the existence of such easement is not a breach of the covenant as to title in a warranty deed, subsequently made, conveying the land." On the general subject see *Gaston* v. *Gainesville Electric Co.,* 120 *Ga.* 516 (48 S. E. 188) ; *Georgia Granite R. Co.* v. *Venable,* 129 *Ga.* 341 (58 S. E. 864) ; Abercrombie *v.* Simmons, 71 Kans. 538 (81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. R. 509, 6 A. & E. Ann. Cas. 239, and note). Being a mere easement, the plaintiff did not divest himself of all interest in the land, as if it had been conveyed in fee, but he could continue to use the land in such manner as would be reasonably consistent with the easement granted to the railroad company. *Hanbury* v. *Woodward Lumber Co.,* 98 *Ga.* 54 (26 S. E. 477). From the declaration it may be gathered that the plaintiff desired private crossings for his personal use over the strip of land in which the railroad company had been granted the "right of way." It does not appear to what extent he intended to avail himself of the right of passage over these private crossings, nor was there any demurrer to the declaration on account of the absence of allegations on that point. Nothing appearing to the contrary, it should be inferred that the extent to which he contemplated the use of the private crossing would be limited to a use that would not unreasonably interfere with the enjoyment of the easement granted to the defendant. If his use as a passageway over the crossings should be exercised in such manner and extent as not materially and substantially to interfere with the use as a passageway by the railroad company, there would be no incompatibility between the proposed use by him and the grant to the defendant. *Brunswick &c. R. Co.* v. *Mayor of Waycross,* 91 *Ga.* 573 (17 S. E. 674) ; *City Council of Augusta* v. *Ga. R. &c. Co.,* 98 *Ga.* 161 (26 S. E. 499) ; *Town of Poulan* v. *At-*

*lantic R. Co.,* 123 *Ga.* 605 (51 S. E. 657), and cit. The ruling an-
nounced in *Hiers* v. *Mill Haven Co.,* 113 *Ga.* 1002 (39 S. E. 444),
does not seem to be in harmony with what has been said on the sub-
ject of incompatibility of uses; but if not in harmony, it is also out
of harmony with the principles announced in the older cases of
*Brunswick &c. R. Co.* v. *Waycross,* and *City Council of Augusta* v.
*Ga. R. &c. Co.,* supra, to which it must yield; nor does the ruling
seem to be in entire accord with the reasoning of Associate Justice
Cobb in *Town of Poulan* v. *Atlantic Coast Line R. Co.,* supra. In
the *Hiers* case, supra, the decisions relied upon to support the opin-
ion therein rendered had reference mainly to the complete revocation
of licenses, and not to the mere subsequent enjoyment by the grantor
of a use of his property compatible with the license granted.

With the question of incompatibility between the use by the rail-
road company and the use by the landowner eliminated, the case is
governed by the general and well-recognized rule that the consid-
eration of a deed may be inquired into whenever the ends of justice
require. Civil Code, §§ 5208, 3599. A grantor is not estopped by
a deed from proving a different consideration from that expressed
in the deed. *Johnson* v. *McComb,* 49 *Ga.* 120, 123, and cit. The
statute of frauds is not violated by showing that the consideration
of the deed is the performance of a parol agreement. *Stringer* v.
*Stringer,* 93 *Ga.* 320 (20 S. E. 242). In the case just cited the
decision was upon demurrer. It is alleged in the petition, that,
"On July 22, 1871, plaintiff sold to defendant a tract of land, de-
scribed in a copy of a deed attached, for $500. The defendant never
paid anything for the land, and under the contract was not to pay
anything at that time, and in all probability would never be re-
quired to pay anything, as the plaintiff was then in good circum-
stances, and thought he never would call on defendant for payment,
thinking he would be able to give the amount to defendant; but in
the abundance of caution he contracted with defendant, his son, at
the time and before the deed was made, and it was expressly agreed
by them, that he, plaintiff, would make the deed, and should he at
any time during his life lose his money and property, and become
in needy circumstances, and call on defendant for help, defendant
was to furnish him his support as long as the same was needed by
him, or until defendant had furnished $500, the price and value of
the land. Some time in 1885 or 1886 plaintiff's mind gave way,

and because of this in a short time thereafter his money and property were all swept away, and he was left penniless, 65 years old, and unable to do any kind of work to support himself and his helpless wife, and on or about April 15th he was adjudged to be insane and sent to a lunatic asylum. He remained in the asylum for a considerable time, when it was thought he was restored, and he came home, and sometime in 1888 he saw the defendant and made known to him his condition, and called upon him for support according to the terms of their contract, and defendant failed and refused to comply with the contract, and refused to assist him in any way. . . At the time he so called on defendant he was, is now, and has been all the time since his return from the asylum old and feeble, without means of support, and unable to work for a living." The prayer was, "for judgment or decree requiring the defendant to specifically carry out his contract; that defendant pay him such an amount of money each year during his, petitioner's, lifetime, as may appear to be sufficient for a support and maintenance for him, or until he has paid him the amount of $500, and for general relief." The petition having been demurred to on the ground that it did not set forth such facts as constituted a cause of action, this court ruled: "Where, in consideration of a parol promise, a deed to land is executed and delivered, the maker of the promise is not relieved from performing it by the statute of frauds, there having been full performance by the maker of the deed and acceptance, together with possession thereunder, by the other party." In the case now under consideration it is alleged that a part of the consideration for the deed from the plaintiff to the defendant conveying the right of way was the parol promise of the defendant to construct and maintain certain crossings for the use of the plaintiff in reaching his property. It is also alleged that the defendant accepted the deed and entered possession and enjoyed the easement granted. Treating the use of the plaintiff as compatible with the defendant's easement granted by the deed from the plaintiff, as it was proper to do under the reasoning presented in the first part of this opinion, and bearing in mind the rules of law, that it is competent to inquire into the consideration of a deed, and that ordinarily the plaintiff is not estopped from proving the real consideration when it is other than that expressed in the deed, and that it does not contravene the statute of frauds to show that the real consideration is performance by the

grantee of a parol agreement to do something for the grantor, the plaintiff in the present case was authorized to inquire into and explain the whole consideration, and show that a part thereof was the contemporaneous agreement that the defendant should construct and maintain the crossings contemplated by the parties; and the petition should not have been dismissed on the theory that the parol covenant for the construction and maintenance of the crossings could not be enforced because it was not expressed in the deed. In view of the compatibility of uses as hereinbefore discussed, the parol covenant would not be repugnant to the granting clause of the deed, nor necessarily destructive of the right granted.

The ruling made in *Louisville &c. R. Co.* v. *Holland,* 132 *Ga.* 173 (63 S. E. 898), is not applicable here. That case did not involve inquiry into the consideration of a deed, but the effort was to show by parol that the road-bed should not be located at a particular place, thus varying the writing which in general terms authorized its location anywhere on the land; nor was the doctrine of incompatible easements involved. A copy of the deed involved in that case was set out in full in the record, and shows affirmatively that the grant conveyed land in fee simple to the defendant, and not a mere easement. In that case, by his grant, the landowner parted with every interest he had in the land. The same is true with respect to the deed involved in the case of *Cook* v. *North & South Railroad Company,* 50 *Ga.* 211. As reported, the character of the deed does not appear; but the original record in this court shows that a copy of the deed was set out as exhibit "A" to the defendant's answer. From that copy it appears that the absolute title to the land was conveyed. As the grantor conveyed the title in fee, no interest remained in him, and necessarily his subsequent effort to exercise an easement was incompatible with his grant, and he was not permitted to inquire into the consideration where such inquiry involved a limitation of the grant. From what has been said the distinction between that and the present case is apparent.