*Maddox & Doyal,* for defendant.

----

## HUTCHENS *et al. v.* SEABOARD AIR-LINE RAILWAY.

1. A landowner conveyed to a railroad company a right of way over her land, upon which an embankment was constructed, and tracks laid, and over which the company voluntarily kept in repair two crossings for several years. Subsequently this railroad company was absorbed by another railroad company to whom the landowner conveyed in fee simple an additional strip of land adjacent to that acquired from its predecessor. An action was brought against the latter company by the heirs of the landowner, to recover damages to the land by reason of an increased elevation of the embankment, the destruction of one of the the crossings, and the impairment of the other, alleged to be in violation of a parol agreement between the plaintiffs' ancestor and the defendant railroad company, made contemporaneously with her conveyance, with respect to the height of the embankment and the preservation of the crossings. *Held,* that the action, being for the breach of a

parol contract which by its terms attempted to engraft a condition on the grantor's deed, was properly dismissed on demurrer.

2. Such petition was not amendable by setting up a cause of action sounding in tort, based on the defective construction of the road-bed in such a way as to pond water on the plaintiffs' land and to destroy the means of access from the land to a nearby town or city.

NOVEMBER 13, 1915.

Action for damages. Before Judge Edwards. Polk superior court. December 31, 1914.

The plaintiffs, as heirs at law of Mrs. S. J. Dever, filed a petition against the Seaboard Air-Line Railway, to recover damages flowing from the construction of the road-bed in front of the plaintiffs' property, alleging as follows: Mrs. Dever owned a tract of land containing about 320 acres, and conveyed to the East & West Railway Company of Alabama a right of way on the edge of her property. Upon this right of way the railway company constructed an embankment from four to six feet high and fifty feet wide, upon which its tracks were laid. There were two crossings located on the right of way, which afforded access from Mrs. Dever's home to the market town, and these crossings were kept up and maintained by the East & West Railway Company for a period of about 15 years. In the year 1903 the Seaboard Air-Line Railway absorbed the East & West Railway, and purchased from Mrs. Dever an additional right of way for the purpose of constructing side-tracks and extending the switching-yards of the railway company over the lands so purchased. She conveyed the premises therein described to the railway company in fee simple, together with "the right to change the course of streams running through said lands, either on or off the right-of-way herein conveyed, by cutting canals, ditches, or otherwise." At the time she executed this deed it was verbally agreed that both of the crossings should be maintained in first-class condition, that the road-bed should be wider but not higher, and that the accessibility of the grantor's farm and premises to the city of Rockmart would not be impaired or diminished. Mrs. Dever died in 1904, leaving the plaintiffs as her sole heirs at law. In violation of its agreement the Seaboard Air-Line Railway constructed a road-bed upon the premises so purchased, at an average height of about eleven feet, and completely closed up the upper crossing, and constructed a very narrow and dangerous approach to the lower crossing, which had been maintained in

good condition by the East & West Railway Company in front of the residence of petitioners. Since the completion of the road-bed different officials of the defendant railway company have promised petitioners repeatedly that the crossing would be remodeled, and the plaintiffs fully compensated and satisfied on account of the construction of the road-bed in violation of the parol contract. The road-bed was not finished for several years after the signing of the deed, and the crossings had never been completed and finished as contracted and agreed upon at the time the deed was signed. The railroad embankment of eleven feet obscures the view from the plaintiffs' residence, and destroys the beauty and symmetry of their home, and practically destroys its value as a residence. The construction and maintenance of the road-bed is a continuing nuisance, and has depreciated the market value of the plaintiffs' farm in the sum of $5,000; and it will remain a nuisance until the contract between petitioners' ancestor and the defendant company is complied with. Wherefore they pray judgment for damages. The petition was amended by alleging that the railroad company so constructed its embankment as to pond the surface-water, and cause it to back upon the plaintiffs' premises, and to destroy the crossings affording egress and ingress from the farm to the market town; in respect to which it was alleged that the "defendant not only contracted to properly drain the water from their premises as it was drained before the building of said railroad, and to construct safe and suitable private ways from their dwelling over and across said railroad, but, independent of said contract, defendant is bound to properly drain said water and properly construct and equip said private way so that the same can be safely and conveniently used, and, having failed to do so, is liable to petitioners for the damages set forth in their original petition." The defendant demurred generally, and further demurred to the amendment on the grounds that the matters therein alleged were not germane to the original petition, and that the attempt was to amend a cause of action arising ex contractu by adding thereto one arising ex delicto. The court sustained the demurrers and dismissed the petition.

*I. F. Mundy* and *W. W. Mundy,* for plaintiffs.

*Brown & Randolph* and *Ault & Wright,* for defendant.

EVANS, P. J. (After stating the foregoing facts.)

1. The petition as originally drafted purported to set forth a cause of action for a breach of a contemporaneous verbal contract imposing conditions upon a deed which the plaintiffs' ancestor made to the defendant. The deed executed by Mrs. Dever was a conveyance in fee simple to certain described land. In her deed she also conveyed additional privileges appurtenant to the land conveyed. The rule is elementary that parol conditions can not be engrafted upon a deed. There is no pretense that any fraud was practiced by the railroad company upon the grantor, nor is it alleged that any term of the agreement respecting the sale of the land was omitted from the deed by accident, fraud, or mistake. The plaintiffs' alleged cause of action is based solely upon the ground of the breach of a contemporaneous parol agreement with respect to certain rights which it is alleged she was to have in the premises conveyed. There was an allegation in the petition of a continuous violation of the parol agreement respecting the construction of the railroad-bed and the maintenance of the crossings, which was a continuing nuisance; but this allegation, construed with its context, related to the quantum of damages. The allegations were lacking in definite statement to even hint at a liability in tort for any trespass. A grantor of land to a railway company can not dispute the terms of his deed, or engraft upon it conditions not in the writing. *Cook* v. *North & South R. Co.,* 50 *Ga.* 211; *Burch* v. *Augusta &c. R. Co.,* 80 *Ga.* 296 (4 S. E. 850); *L. & N. Railroad Co.* v. *Holland,* 132 *Ga.* 173 (63 S. E. 898); *Lee* v. *Savannah & Statesboro Ry. Co.,* 115 *Ga.* 64 (41 S. E. 246); *L. & N. Railroad Co.* v. *Willbanks,* 133 *Ga.* 15 (65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860); *Murray County* v. *Wilson,* 140 *Ga.* 689 (79 S. E. 783).

2. The matters alleged in the amendment attempted to set forth a cause of action sounding in tort, and a recovery of damages to the land was sought by reason of so defective a construction of the road-bed as to injure the plaintiffs' premises, by ponding water upon them, and by rendering them practically inaccessible of approach to the market town. The cause of action set forth in the amendment essentially sounds in tort, and such a cause of action can not be joined, in a case of this character, with an action based on contract. *Croghan* v. *New York Underwriters' Agency,* 53 *Ga.*

109; *Teem* v. *Ellijay,* 89 *Ga.* 154 (15 S. E. 33); *Sharpe* v. *Columbus Iron Works,* 136 *Ga.* 483 (71 S. E. 787).

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*