CARTTER & COMPANY *v.* THE ROME AND CARROLLTON
CONSTRUCTION COMPANY *et al.*

1. The lien given by the code, §1979, to "contractors to build rail-
   roads" is confined to those contractors employed by the person or
   company owning the railroad, and the right of lien does not·ex-
   tend to subcontractors who procure the work to be done on their
   own account in pursuance of a contract between themselves and
   the primary contractors.
2. Where a lien upon a railroad was claimed by the plaintiffs in the
   double character of contractors and material men, for work done
   and material furnished in constructing the railroad, and where
   the declaration against the company and the immediate con-
   tractor under the company, in a joint suit against them brought
   to foreclose the lien, showed that the plaintiffs were only sub-
   contractors, and both the claim of lien and the declaration were
   for a gross sum, without disclosing what part of it was for work
   and what part for materials, and there was no offer to amend the
   declaration so as to foreclose the lien for so much of the gross sum
   as represented the price of materials only, there was no error in
   denying a foreclosure nor in dismissing the action as to the rail-
   road company. Whether, as the two sums were blended in the
   claim of lien and the statute gives no lien for one of them, the
   claim of lien be good as to the other, *quære?*
3. The granting of a continuance is not a subject-matter for a writ
   of error whilst the cause is pending in the court below.
   March 31, 1892. Argued at the last term.        *Judgment affirmed.*

Liens. Railroad contractors. Material men. Prac-
tice. Continuance. Before Judge MADDOX. Floyd
superior court. March adjourned term, 1891.

Action by Cartter & Company to recover money due
from the Rome and Carrollton Construction Company,
and to foreclose a lien upon the railroad of the Chatta-
nooga, Rome & Columbus Railroad Company. The
railroad company demurred to the declaration and fore-
closure of lien, and moved to strike the declaration so
far as that company was concerned. This demurrer and
motion were sustained and the declaration stricken as to
the foreclosure of lien. After the passage of this order
the plaintiffs offered to proceed as against the construc-

tion company ; whereupon the defendants' counsel asked for a continuance, which was allowed. Plaintiffs excepted to the decision sustaining the demurrer and motion to strike, and to the grant of the continuance. The declaration alleged that the plaintiffs were contractors to build railroads, material men and persons furnishing material for such building, and for the improvement of real estate ; that as such on March 7, 1888, they contracted with the construction company to construct and erect an iron drawbridge on the Oostanaula river at Rome, with necessary fixed spans, and one iron bridge of fixed spans on the Etowah river at Rome, for the certain sum mentioned, for which sum they have taken no personal security, and there is due and unpaid upon the contract $3,882.45. Copy of the account is attached. On September 27, 1888, they completed the bridges in compliance with their contract, and thereupon the construction company became indebted to them the balance then due upon the same,, a part of the money for the bridges having been paid in instalments. On December 24, 1888, and within three months of the completion of the building of the bridges, they had their claim of lien on the railroad for the building of the bridges recorded in the offices of the clerks of the superior courts of certain counties mentioned, one of the counties being the county in which the bridges were situated and suit brought, as follows, in brief: Cartter & Company, contractors to build railroads, and material men and persons furnishing material for the improvement of real estate, claim a lien upon the railroad of the Chattanooga, Rome & Columbus railroad (describing its location), including all its real estate, etc., and which is its property, and particularly upon the two iron railroad bridges and the substructures and appurtenances thereon (describing them); the lien is claimed for $3,900, the amount remaining due and unpaid for work done and material

furnished in building the two bridges, substructures and appurtenances thereof on the line of the railroad at Rome, and the doing of which work and furnishing of which materials was completed on September 27, 1888. The declaration further alleges that plaintiffs have commenced this their action for recovery of the amount due upon their claim, within twelve months from the time it became due ; that the railroad of which the bridges are a part is the property of the railroad company ; that on the ―― day of ――, 1888, and before the railroad company had settled with or paid the construction company for the building of the railroad, plaintiffs gave written notice to the railroad company, stating the amount claimed, and that a lien was claimed upon the railroad by petitioners for the amount due. The prayer was, that the lien upon the railroad be set up and established, and for judgment against the construction company for the amount claimed to be due. By amendment the plaintiffs attached a copy of the contract between them and the construction company, and further alleged that subsequently to the signing of the contract the time for the completion of the building of the bridges was, by agreement with the construction company, extended from the original date fixed by the contract to September 27, 1888, at which time the contract was completed; that subsequently to the signing of the contract the same was modified by agreement of the parties, for certain reasons, by which extra compensation was allowed plaintiffs for certain work stated, not contemplated in the contract as first written, which extra work and material were set out fully in the account attached to the original declaration, and were certain items mentioned ; and that it was agreed that the extra work and material should be paid for at reasonable prices, and the prices stated in the account are reasonable, and the full sums set out in the account were due September 27,

1888. The demurrer was upon the grounds, that the work was not completed according to contract and in time provided in the contract; that the lien was not recorded in time; that no lien is provided for railroad subcontractors, nor material men furnishing supplies to railroad contractors; that no notice was given in time to the railroad company; that no notice was served on the railroad company to hold up *money due the construction company; that the recorded lien, as set forth in the declaration, purported to be for work done and material furnished the railroad company, while the declaration sought to subject that defendant for work done and material furnished the other; and that the character of person or company that plaintiffs describe themselves to be is not entitled to a lien under the statute.

DEAN & SMITH, for plaintiffs.

W. W. BROOKES and W. T. TURNBULL, for defendants.

---

CHATTANOOGA, ROME & COLUMBUS R. R. CO. *v.* PALMER.

1. Where in substance the declaration sets forth a tort, though the form be in part appropriate to an action on contract, the declaration may be upheld as one complaining of the tort; and an account annexed thereto and referred to in the body of the declaration may be consulted to supply a requisite date which is not otherwise fully alleged or disclosed.
2. Where, during the progress of a legal argument by counsel to the court, the court, to draw out the views of counsel, remarks that he does not see the use of certain evidence, such remark does not invade the province of the jury, though it may be made in their hearing.
3. Observations of the court to counsel in the hearing of the jury during the progress of the trial, though open to criticism, if of but slight importance and only possibly, not probably, injurious, will not work a new trial.
4. Though the charge was verbally inaccurate in specifying the three elements of defence, the inaccuracy was harmless in view of the evidence.
5. The plaintiff having, as he had a right to do, built his pasture fence and located the gate for his cattle on his own land, the

v 89-11