SMITH *v.* VAN HOOSE *et al.,* and *vice versa.*

110　633
110　814

1. When the question made in a cross-bill of exceptions controls the case as a whole, that question will be first considered.

2. When a suit is instituted against the owner to foreclose a lien on real estate, by a subcontractor, and the petition merely alleges that the defendant is indebted to such subcontractor in a gross sum for work done and material furnished in the construction of a house erected thereon, without stating what part of such sum is due for work done and what part is for material furnished, a proper demurrer to the petition should be sustained.

　　　　　Argued March 14,—Decided May 11, 1900.

Foreclosure of lien. Before Judge Reagan. Hall superior court. July term, 1899.

*Dean & Hobbs,* for plaintiff.

*G. H. Prior, J. C. Boone,* and *H. H. Perry,* for defendants.

LITTLE, J. Smith instituted an action against Van Hoose and Pearce. He averred, that in the spring of 1896 Van Hoose and Pearce entered into a contract with one Foote, who was a contractor, to erect a large building to be known as an auditorium, on certain land belonging to the defendants in the city of Gainesville, for the sum of $14,200, and that petitioner was employed by Foote to furnish the material and put on the roof of said building, and in pursuance of such contract did furnish the material and do work for the improvement of the real estate of the defendants upon the employment of said contractor, furnishing the material and doing the work of putting on said roof of the value of $326.66, which was the contract price therefor; that he completed the contract in October, 1896, and gave written notice to the owners and of the amount due to the petitioner;

that Foote has paid him $99.01, which still leaves the sum of $227.65 due upon said contract for said work and material furnished, with interest thereon, for which amount the defendants are indebted to him. The petition alleges that plaintiff has taken no personal security for said claim, and has filed and recorded his claim of lien in the office of the clerk of the superior court of Hall county, and that he commences this suit for the recovery of his claim within twelve months from the time the same became due, and brings this action to foreclose his lien on the real estate described in his claim. By amendment petitioner set out the fact that the defendant failed to retain twenty-five per cent. of the contract price for the construction of the building; that Foote abandoned his contract before its completion, but that in an agreement entered into between Van Hoose and Pearce with Foote, Van Hoose and Pearce were to pay Foote for the labor and material which Foote had caused to be put on the building at the time of his abandonment; and that defendants failed to retain twenty-five per cent. of that amount, as well as the same per cent. on the contract price, and the defendants are therefore liable to him for the amount of his debt. The defendants demurred to the petition as amended, on a number of grounds, among them: "10th. Because plaintiff can not claim a lien upon these defendants' property for work done and material furnished in conjunctive, and especially without showing how much is claimed on each account, and that therefore there is no valid claim of lien filed." We find it necessary to consider only this ground of the demurrer.

The first hearing came up before Judge Kimsey in 1898, who overruled the demurrer. The defendants then excepted pendente lite to the judgment overruling the demurrer, and had their exceptions certified and entered of record. Subsequently, at the July term, 1899, of said court, his honor Judge E. J. Reagan presiding, the case came on to be tried, and it was agreed that the presiding judge should direct a verdict either for the plaintiff or the defendant, according to his decision of the question whether under the evidence the plaintiff was or not entitled to recover; and, after argument and evidence, the trial judge directed a verdict for the defendants Van Hoose and

Pearce against the plaintiff, and a verdict for the plaintiff against Foote. The plaintiff in error then excepted to the direction of the verdict against him in favor of the defendants Van Hoose and Pearce, and sued out a bill of exceptions alleging said direction to be error. The defendants Van Hoose and Pearce then filed a cross-bill of exceptions in which they assigned as error the ruling of Judge Kimsey at the July term, 1898, in overruling the demurrer, to which ruling exceptions pendente lite were taken. The main and cross-bill were argued together, and are now before us for consideration; and inasmuch as in our opinion his honor Judge Kimsey erred in overruling the demurrer filed by the defendants, following the rule of practice laid down in the cases of *Cheshire* v. *Williams,* 101 *Ga.* 814, and *Jordan* v. *G. S. & F. R. R. Co.,* 105 *Ga.* 274, we find it necessary only to consider and pass on the assignment of error made by the cross-bill of exceptions. The claim of the plaintiff for material furnished and work done, as it appears in the petition, is made in the following language: "Your petitioner further shows that he was employed by said G. W. Foote, contractor as aforesaid, to furnish the material and put on the roof upon said building, or auditorium, and that he did furnish material and do work for the improvement of such real estate upon the employment of said contractor, furnishing the material and doing the work putting on said roof to the value of $326.66, which was the contract price for said work." It is impossible to ascertain from this vague allegation the amount for which the plaintiff claims that he is entitled to a lien for the labor which he alleges that he performed, as well also as the amount and value of the material which he alleges he furnished and for which he claims a lien as a materialman. It was ruled by this court in the case of *Carter* v. *Rome and Carrollton Construction Co.,* 89 *Ga.* 158, that where by a petition to foreclose a lien it was shown that the plaintiffs were only subcontractors, and both the claim of lien and the declaration were for a gross sum, without disclosing what part of it was for work and what part for material, there was no error in denying the foreclosure nor in dismissing the action. The ruling there made controls this case; and inasmuch as the demurrer distinctly made the point that the plaintiff

was not entitled to his action, because his claim of lien for work done and material furnished was set out in the conjunctive without showing how much his claim on each account was, the demurrer should have been sustained and the petition dismissed. The judgment overruling the demurrer was therefore error.

*Judgment on the cross-bill of exceptions reversed; the main bill dismissed.   All the Justices concurring, except Fish, J., who was absent.*