## SHARPE *v.* COLUMBUS IRON WORKS COMPANY.

A petition in an action based on promissory notes given by the defendant to the plaintiff is not amendable by adding thereto an action ex delicto on the ground that the defendant has fraudulently converted to his own use collateral notes belonging to the plaintiff and has refused to pay over the same on demand.

> JUNE 22, 1911.

Equitable petition.  Before Judge Gilbert.  Muscogee superior court.  February 9, 1910.

The substance of the petition was as follows: The defendant is indebted to the plaintiff in a given amount on certain promissory notes made by the defendant and payable to the order of the plaintiff.  A copy of one of the notes is attached to the petition, and the other notes are similar, except as to dates and amounts, which are set forth.  The defendant delivered to the plaintiff, as collateral security for such notes, the notes of other parties, payable to defendant, which collateral the plaintiff delivered to the defendant upon his written agreement to collect the same and turn over the proceeds to plaintiff, at stated periods, to be applied to the principal indebtedness.  The defendant executed to the plaintiff a chattel mortgage, as well as a mortgage on realty to secure the payment of the principal indebtedness.  Defendant is insolvent.  He has collected a large amount on the collateral notes, and has

admitted that he has converted the same to his own use, except a given amount. He has removed the personalty, on which the mortgage was given, beyond the limits of the State, and by consent of the plaintiff has sold the same upon condition that he would pay over the proceeds on his indebtedness to the plaintiff, but has so paid only a part of such proceeds. The plaintiff has demanded of the defendant the proceeds of the collateral notes collected by him, and the delivery to the plaintiff of the collateral notes uncollected, but the defendant has refused to comply with such demands. The conduct of the defendant in appropriating the proceeds of the collateral notes to his own use and in refusing to turn over to the plaintiff the remaining collateral notes, and his conduct in disposing of the mortgaged personalty and converting the proceeds to his own use, and in refusing to turn same over to the plaintiff, constituted a fraud and wrong against the plaintiff. The prayers are, for judgment for the balance due on the notes given by the defendant to the plaintiff, for injunction restraining the defendant from making any further collection on the collateral notes, for the appointment of a receiver, and for process.

It does not affirmatively appear from the record that a receiver was appointed; but the record shows that the court approved the report of a receiver, and ordered that the proceeds of the sale of the property made by the receiver, less a certain amount allowed to him for his services, be credited on the notes given by the defendant to the plaintiff.

The defendant filed a plea to the effect that his petition in bankruptcy was pending, and that the debt, the foundation of plaintiff's action, was scheduled, the plaintiff named as one of his creditors, and that he was seeking a discharge from such debt. The plaintiff thereafter offered an amendment, setting forth the amount of the collateral security notes, and also setting forth the description of one of the tracts of land which was mortgaged to secure the notes sued on; and amended the prayers of the petition so as to ask for the foreclosure of the mortgage on realty, as to the lot of land described, and for a sale of such land in order that the proceeds might be applied to the payment of the principal indebtedness due by the defendant, and that a decree be rendered declaring that the conversion of the collateral notes described in the original petition was a violation of the trust reposed in the defendant by the

plaintiff, and a fraud upon him, and that plaintiff have a judgment or decree for the value of the same. The defendant demurred to the amendment and moved to strike the same, upon the ground, among others, that by the amendment the plaintiff sought to recover a verdict for the amount of the collections made by the defendant on the collateral notes and alleged to have been fraudulently converted by him to his own use, thus seeking to add a cause of action ex' delicto to one arising ex contractu. The demurrer to the amendment was overruled, and the court refused to strike the same. The plaintiff introduced evidence showing the value of the collateral notes, the amount of the collections thereon which had been paid to the plaintiff, and showing the balance due on the notes executed by the defendant to the plaintiff. The defendant introduced no evidence. There was a verdict in favor of the plaintiff for $8,545.55, which was the balance due on such last-mentioned notes, as shown by the evidence in behalf of the plaintiff. The jury further found: "We also find that the defendant did fraudulently convert to his own use the sum of $13,979.03." Judgment was entered, reciting the verdict, and directing that the plaintiff recover. of the defendant $8,545.55 generally, that the mortgage on the described realty be foreclosed, and that the plaintiff recover of the defendant said sum to be levied on the mortgaged premises. The defendant filed a bill of exceptions, assigning error upon the refusal of the court to sustain the demurrer to the amendment, and to strike the same, and upon the final judgment.

*T. T. Miller* and *Hatcher & Hatcher,* for plaintiff in error.

*J. H. Martin* and *A. W. Cozart,* contra.

FISH, C. J. (After stating the facts.) In the view we take of the case it is necessary to pass upon but one of the points raised by the assignments of error. This point is, did the court err in overruling the ground of the demurrer to the amendment, and of the motion to strike the same, that the amendment sought to add a cause of action ex delicto to one arising ex contractu. In our opinion the court did err in this respect. In the original petition the plaintiff sought to recover the balance due on certain promissory notes executed by the defendant and payable to the plaintiff's order. While it was alleged in the original petition that the defendant had delivered to the plaintiff, as collateral security for such notes, other notes payable to the defendant, which latter

notes the plaintiff had redelivered to the defendant under an agree-
ment that he was to collect the same and turn over the proceeds
to the plaintiff, and that the defendant had made collections of such
collateral notes and had refused upon demand to pay the same
to the plaintiff, there was no prayer in the original petition for
a recovery for the collections. Such allegations may have been
pertinent in view of the prayers for injunction and a receiver, but
they would not authorize an amendment to the petition praying
for a recovery of the value of the collateral notes on the ground that
they had been fraudulently converted by the defendant to his own
use. The amendment set forth a cause of action essentially sound-
ing in tort, that is, the fraudulent conversion by the defendant
of collateral notes belonging to the plaintiff; and of course it needs
no citation of authority to sustain the proposition that such a
cause of action could not be joined in a case of this character to an
action based on contract.

*Judgment reversed. All the Justices concur.*