7973. DUNN *v.* FAIRBANKS-MORSE COMPANY.

LUKE, J. 1. The plaintiff having elected to sue in tort, by action of bail-trover, the action was not amendable by striking the trover suit and setting up a cause of action ex contractu. *Croghan* v. *New York Underwriters' Agency*, 53 *Ga.* 109 (2); *Teem* v. *Town of Ellijay*, 89 *Ga.* 154 (2) (15 S. E. 33); *Sharpe* v. *Columbus Iron Works*, 136 *Ga.* 483 (71 S. E. 787); *Hutchens* v. *Seaboard Air-Line Railway*, 144 *Ga.* 312 (2) (87 S. E. 28).

2. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Wade, C. J., and George, J., concur.*

DECIDED MARCH 20, 1917. REHEARING DENIED APRIL 4, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 18, 1916.

In the municipal court of Atlanta an amendment converting a trover suit for the recovery of certain motors into a suit on an open account for a balance alleged to be due on the purchase-price of the property in question was allowed on the trial, over the objection of the defendant, and judgment was rendered against him for the amount sued for. This judgment and the allowance of the amendment were complained of by petition for certiorari. In the answer to the certiorari it was stated that the trial judge construed the act creating the municipal court of Atlanta as giving the plaintiff "a right to change his cause of action, provided he adhered to matters growing out of the same contract." The act referred to

provides as follows: Sec. 37. (c) "The trial judge shall, at any time, in the furtherance of justice, upon such terms as may be just, permit any claim, suit, process, proceeding, pleading, or record to be amended, in form or in substance, or material supplemental matter to be set forth in an amended or supplemental oral claim or pleading. The judge, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties, and amendments changing the cause of action, or presenting a new cause of action, arising out of the same transaction or subject-matter, shall be allowed, providing, however, for time to the opposite party, where, in the discretion of the court, it is deemed necessary to meet the new matter claimed by the amendment." Acts 1913, p. 164.

*M. Herzberg,* for plaintiff in error, cited: Civil Code (1910), §§ 4500, 5521; *Board of Education* v. *Day,* 128 *Ga.* 164; 15 Cyc. 259; *Palmour* v. *Durham Fertilizer Co.,* 97 *Ga.* 244 (2); *Lamb* v. *Howard,* 145 *Ga.* 847 (1).

*Thomas H. Scott, Walter McElreath,* contra, cited: Acts 1913, p. 164.