ROBERT A. LACENTRA *vs.* WILLIAM E. JACKSON & others.

Suffolk.    January 12, 1923. — May 22, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Mechanic's Lien. Bond,* To dissolve mechanic's lien. *Notice. Equity Jurisdiction,* To enforce mechanic's lien.

Certain real estate was subject, first to a first mortgage, second to a mechanic's lien, and third to a second mortgage. The second mortgage was foreclosed by sale and conveyance under its power of sale to one, who previously had acquired the title of the owner of the equity of redemption and to whom, the next day, a sale of the property was made at a foreclosure sale under the power of sale in the first mortgage for a sum in excess of the amount due under that mortgage. Such purchaser, before he received a deed to complete the sale and conveyance under the first mortgage, filed a bond under G. L. c. 254, § 14, in a suit then pending under § 5 of that statute for enforcement of the mechanic's lien. The bond was approved by the court without notice to the lienor. Thereafter a conveyance was made to the purchaser to complete the sale in foreclosure of the first mortgage. The purchaser retained the surplus arising from that sale. *Held,* that

(1) When the bond was given, the purchaser had an interest entitling him to give it;

(2) The foreclosure of the first mortgage did not operate to discharge the incumbrance of the lien, but in equity the lien attached to the surplus proceeds of that sale which could be reached and applied in payment of the amount of the lien found to be due, unless and until a valid bond had been approved and filed discharging the lien.

There is no statutory requirement as to the form of a bond to dissolve a mechanic's lien, filed under G. L. c. 254, § 14; and a bond with a condition to pay the plaintiff the amount for which the property may be found to be subject to the lien would seem to be sufficient in form fully to protect the rights of the plaintiff.

Such a bond is valid, when approved by the court and recorded as required by the lienor was given no notice of it before it was approved, the statute not in terms nor by implication requiring such notice.

Upon dissolution of a mechanic's lien by the filing of a bond under G. L. c. 254, § 14, while a suit is pending under § 5 of the statute to enforce the lien, the plaintiff, when he proves his lien, is entitled to a decree establishing it but is not entitled in that suit to a decree enforcing the provisions of the bond, his remedy on the bond being by an action at law; nor, in such circumstances, can the suit be maintained to enforce the lien against funds remaining after the sale of the property in foreclosure of a first mortgage which was a prior lien on the land of the plaintiff and the payment of all sums due on such mortgage and the expenses of the foreclosure.

BILL IN EQUITY, filed in the Superior Court on December 3, 1920, and afterwards amended, against William E. Jackson, the owner of the premises with whom a construction contract was made by the plaintiff; Guaranty Trust Company; Guaranty Security Corporation, and the Fidelity and Casualty Company of New York, seeking to enforce a mechanic's lien and to require payment thereof to the plaintiff either from a surplus realized from the sale of the premises under the provisions of a first mortgage or from a bond given in this suit to dissolve the plaintiff's lien.

In the Superior Court, the suit was heard by *Lawton,* J. The bond given in this suit to dissolve the lien, referred to in the opinion, was, exclusive of the *in testimonium* clause and the signatures of the parties, as follows:

" Know all men by these presents that we, the Guaranty Security Corporation, a corporation duly established by law, and having a usual place of business in Boston, and Fidelity and Casualty Company of New York, a corporation duly organized under the laws of the State of New York, and having a usual place of business in Boston, as surety, are holden and stand firmly bound unto Robert A. LaCentra in the sum of seven thousand (7000) dollars, to the payment of which to the said Robert A. LaCentra, or his executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators. The Condition of this obligation is such that whereas the said principal obligor has an interest in certain property on which a lien has been claimed by the said obligee pursuant to the General Laws of 1920, Chapter 254, section 14,

of the Commonwealth of Massachusetts, and of the acts in amendment thereof, and whereas the said principal obligor desires by giving bond according to law, to release from such lien, the land in Brighton, as follows: . . . [here followed a description of the premises subject to the lien] . . .

" Now therefore, if the said principal obligor shall, within thirty days after the final judgment, in any suit which may be brought to enforce the aforesaid lien, pay to the party claiming the same, the sum of seven thousand (7000) dollars; being the sum fixed as the value of the property so to be realized as aforesaid, or so much of said sum as may be necessary, to satisfy any amount, for which said property may be found to be subject to such lien as such suit, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

Other material facts are described in the opinion. The judge reported the suit to this court for determination.

*W. P. Murray*, for the plaintiff.

*J. A. Daly*, for the defendants.

CROSBY, J. This is a bill in equity to enforce a mechanic's lien under the provisions of St. 1915, c. 292, as amended (now G. L. c. 254). A supplemental bill has also been filed by which the plaintiff seeks to satisfy his lien out of the surplus arising from the foreclosure sale under a prior mortgage on the premises. A judge of the Superior Court made certain findings and reported the case to this court.

The trial judge found the following facts: The plaintiff and the defendant Jackson (the owner of the premises) entered into a contract in writing for furnishing materials and performing and furnishing labor upon the property, which was then subject to a first mortgage for $50,000 held by the Guaranty Trust Company. Notice of the contract was filed in the registry of deeds on October 9, 1919, and before any material or labor had been furnished under the contract; thereafter, the plaintiff performed his contract so far as the condition of the premises permitted; he has performed labor and furnished materials amounting to $5,550, and has complied with the statutory requirements with reference to establishing his lien. There is due him the

above amount, and the parties agree and the trial judge found and ruled that the lien was established in the amount named, with interest thereon from October 1, 1920.

After the execution of the contract, a second mortgage was placed upon the property for $15,000 to one Baker. This mortgage was foreclosed by sale on January 20, 1921, and was bid in by the defendant Guaranty Security Corporation, which had also acquired the interest of the trustee in bankruptcy of the estate of Jackson (the former owner of the equity of redemption) by deed authorized by the United States District Court and duly recorded before foreclosure of the mortgage. On January 21, 1921, the trust company foreclosed the first mortgage on the property and sold it to the security corporation for $72,050. On February 11, 1921, a bond in the sum of $7,000 was filed by the security corporation, as owner of the premises, in which the plaintiff was named as the obligee, for the purpose of dissolving the lien sought to be enforced in this proceeding; the bond was approved by a judge of the Superior Court without notice to the plaintiff, and without his knowledge, and was filed by the security corporation in the registry of deeds on February 11, 1921; on February 17, 1921, a deed under the power contained in the mortgage was delivered by the trust company to the security corporation, and was thereafter recorded by the latter in the registry of deeds. On the same date the security corporation paid in cash to the trust company $50,484.91 — the amount due the latter under its mortgage; and also executed to the trust company a receipt for $21,565.09 — the surplus from the foreclosure sale — and delivered to it another bond with sureties to indemnify the trust company from liability on account of the transaction. The trial judge further found that both corporations had notice of the plaintiff's claim of lien; that the trust company relied on the record of the bond, approved by the court and filed in the registry of deeds " in determining the right of said Guaranty Security Corporation to said surplus, and . . . [that it] had no knowledge of the circumstances surrounding the approval of said bond."

Both corporations contend that the bond filed on February

11, 1921, was given under G. L. c. 254, § 14; that it was a valid bond and was effectual to dissolve the incumbrance of the lien upon the land and upon the surplus, and that the remedy of the plaintiff is by action on the bond. The plaintiff contends that the bond does not comply with G. L. c. 254, and is therefore invalid. He also contends that the incumbrance of the lien had been previously discharged by reason of the foreclosure of the prior mortgage.

The Guaranty Security Corporation had an interest in the property which entitled it to give a proper bond to dissolve the lien; it owned the fee subject to the first mortgage and the lien of the plaintiff, and this situation existed up to the time when the deed under the power of sale was delivered. The foreclosure of the first mortgage did not operate to discharge the incumbrance of the lien, but in equity it attached to the proceeds of the sale over the amount due on the mortgage and expenses of sale; the surplus remaining stood in the place of the property, and could be reached and applied in payment of the amount of the lien found to be due, unless and until a valid bond had been approved and filed discharging the lien. *Wiggin* v. *Heywood,* 118 Mass. 514. *Knowles* v. *Sullivan,* 182 Mass. 318. *Maguire* v. *Spaulding,* 194 Mass. 601. *Stockbridge* v. *Mixer,* 215 Mass. 415. As the lien was not discharged by foreclosure of the mortgage, the question remains, whether it was discharged by the approval and filing of the bond.

G. L. c. 254, § 14, provides: " In a bill in equity under section five, the court may, in its discretion, accept a bond, with sufficient surety or sureties, to dissolve the lien of any creditor or all liens, as to the whole or any part of the property, or any interest therein. Such bond shall be filed by the obligor in the registry of deeds within ten days after its approval, and shall not dissolve the lien unless so filed. It shall be recorded, and may then be taken from the registry by the obligee."

The condition of the bond is as follows: " Now therefore, if the said principal obligor shall, within thirty days after the final judgment, in any suit which may be brought to enforce the aforesaid lien, pay to the party claiming the same,

the sum of seven thousand (7000) dollars; being the sum fixed as the value of the property so to be realized as aforesaid, or so much of said sum as may be necessary, to satisfy any amount, for which said property may be found to be subject to such lien as [in] such suit, then this obligation shall be void, otherwise it shall be and remain in full force and virtue." The statute above quoted applies where a bill in equity has been brought under § 5 of the same chapter to enforce a lien; it does not set out a particular form to be followed where a bond, given after suit has been brought to enforce the lien, is sufficient if the court in its discretion accepts and approves it with sufficient surety or sureties, and it is filed in the registry of deeds within ten days after such approval. It may be assumed that the Legislature intended to leave the form of the bond to the court; its condition to pay the plaintiff the amount for which the property may be found to be subject to the lien would seem to be sufficient fully to protect the rights of the plaintiff. The statute does not in terms provide for notice to the lienor before the bond is approved, and none is to be implied. It was a matter resting in the discretion of the court whether such notice should be given or not.

We are of opinion that the bond was not invalid because it did not follow the form prescribed in § 12 of the same chapter; whether that form would have been appropriate in the case at bar, need not be determined. The Guaranty Trust Company, which was not a party to the bond, had a right to rely on the record of its approval by the court, and was entitled, if not bound, to treat the incumbrance of the lien as dissolved. The contention of the plaintiff that if the lien was not dissolved by the foreclosure proceedings, and if the bond filed is valid, he is entitled to a decree against the surety under G. L. c. 254, § 12, is not tenable; the remedy there provided is to enforce a bond given under that section; as the bond under consideration was given under § 14, the remedy given in § 12 is not applicable.

It follows that the incumbrance of the lien was not dissolved in equity by foreclosure of the mortgage, but was discharged by the bond; the plaintiff's remedy is by action

on the bond.    A decree is to be entered in favor of the plaintiff establishing his lien for the amount found due.    The bill is to be dismissed with costs to the Guaranty Trust Company, and is to be dismissed without costs as to the other defendants but without prejudice to any right of the plaintiff against the parties on the bond.

*Ordered accordingly.*