The power of sale and duties imposed upon the trustee, as disclosed by the declaration of trust, remove the legal title of the trustee from the operation of the statute of uses prior to the termination of the trust. Price v. Sisson, 13 N.J. Eq. 168.
But the duration of the trust was dependent upon and determined by its purpose; when no further duties were to be performed the trust was terminated by the statute of uses. Doe
v. Simpson, 5 East. 162. Accordingly, at the death of testatrix and her husband the legal estate of the trustee in the real property then undisposed of by her terminated. Except as to any real estate disposed of by the trustee in the lifetime of testatrix the trust deed was inoperative upon testatrix's will, since testatrix retained the equitable estate and the *Page 40 
legal estate was restored by the statute of uses. The doctrine of courts of equity is that equitable estates are considerd, to all intents and purposes, as legal estates. Trust estates are subject to the same incidents, properties and consequences as, under like circumstances, belong to similar estates at law. They are alienable, devisable and descendable in the same manner.Cushing v. Blake, 30 N.J. Eq. 689. Testatrix's will requires her real estate to be sold by her executors and the proceeds distributed in the manner stated. Sale has been made by the executors; distribution of the proceeds of that sale must be made in the manner directed by the will. The same is true as to the $18,000 mortgage, representing a portion of the proceeds of sale of real estate made by the trustee. Only the portion of the proceeds of the trustee's sale which has been used for the benefit of testatrix can be considered as converted; the $18,000 unadministered surplus retains its nature as real estate and passed by the will in the manner there directed. This is because only a power to sell, as distinguished from a requirement to sell, was embodied in the trust. "If a trustee sells real estate under a power, but, in the absence of any specific direction to convert real estate into personalty, the money derived from the sale will retain the character of real estate to descend and be dealt with as if it were actually so." 28 Am. Eng. Encycl.
(2d. ed.) 916. Should the mortgage be treated as surplus at foreclosure sale the same would be true. Servis v. Dorn,76 N.J. Eq. 241; Oberly v. Lerch, 18 N.J. Eq. 346. At distribution appropriate measures should be adopted to preserve the share of the son for his children at his decease.
I entertain the view that the orphans court should have made the decree of distribution. But that court having refused, this court may appropriately entertain a bill of this nature without putting the parties to an appeal. Gallagher v. Lembeck BetzEagle Brewing Co., 86 N.J. Eq. 188; Headly v. Leavitt, 65 N.J. Eq. 748. *Page 41