20117.   MONROE *et al. v.* GUESS *et al.*

698

W. J. Davis Jr., for plaintiffs in error.  Brown & Brown, contra.

Jenkins, P. J.  Mr. and Mrs. S. E. Guess sued Monroe and Winfree, alleged to be operating a business under the name and style of National Products Company, for damages alleged to have been incurred on account of the defendants having contracted with the plaintiffs to install an oil burner in their furnace so that it would be safe and harmless to the canary birds which the plaintiff stated to the defendants that they were rearing for the market and wished to winter in the basement of their residence, and having negligently installed the burner so that large openings in the furnace were left for fumes from the burning oil to escape, causing the death of a large number of canary birds, and permanent injuries to others of the birds.  Upon the trial of the case the written contract for the installation of the oil-burner system was put in evidence, which showed on its face that the contract was entered into by the National Products Company on the one part, and by S. E. Guess on the other part, and that Mrs. Guess was not a party to the contract at all.  The evidence showed that the canary birds were the joint property of the husband and the wife.  The defendants demurred to the petition generally and specially, but the nature and character of the action, whether in tort or on contract, was not thus brought in question.  The jury found a verdict for the plaintiffs for a part of the amount sued for, and the defendants except to the overruling of their motion for a new trial, on the general and special grounds referred to in this opinion, especially contending that even though the petition be construed as an action in tort, the claim is one growing out of a contract, and that any action in tort resulting from the violation of a duty owing to the plaintiffs, or either of them, must be confined to the parties to the contract or their privies, and that, consequently, there could be no joint recovery by the parties plaintiff.

■ "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other."  Civil Code (1910), § 4407.  The qualification

upon this provision of law is that an action in tort may not be maintained where the neglect of duty complained of, as distinguished from the negligent performance of duty, is specifically provided for by the contract itself. *Howard* v. *Central of Ga. Ry. Co.,* 9 *Ga. App.* 617 (71 S. E. 1017); *Perry* v. *Griffin,* 39 *Ga. App.* 170 (2) (146 S. E. 567).

■ Where a petition is ambiguous in failing to make clear whether the cause of action and remedy relied upon is one sounding in contract or in tort, the courts have applied various rules of construction, according to the jurisdiction sought to be invoked and the facts involved, the general rule being that "where a petition can be construed either as a suit in contract or as an action for a breach of duty arising out of the contract, the latter construction will be adopted," and the petition "will be construed as claiming damages for the tort." In the absence of a special demurrer, however, where the facts alleged are appropriate to support either of two forms of action, the courts will presume that the pleader's purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Henry Cotton Mills* v. *Shoenig,* 33 *Ga. App.* 467 (2), 470 (127 S. E. 238), and cit.

■ "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract." Civil Code (1910), § 4408. In the instant case, construing, as did the court below, the petition as one in tort for a negligent injury committed upon the property of the joint plaintiffs, it should not be said that the right of action is confined to the parties to the contract, the negligent performance of which resulted in the injury to plaintiffs' property, since the right of action for the injury done inhered in the owners of the property independently of any obligation imposed by the contract. Treating, as we must, the husband and wife, joint owners of the property injured, as parties independent of the contract which had been entered into by the husband, they alleged and showed that their property, lawfully kept upon the premises upon which they resided, was tortiously damaged by the negligent conduct of the defendant Monroe, through his servants and agents, in the execution of the contract

with another party. The fact that one of the plaintiffs may have been a party to the contract, the negligent performance of which caused the injury, would not prevent a joint action by both of the owners of the damaged property for the tortious injury to their property independent of the contract, since, independently of any duty under the contract, the law imposed upon the defendant the duty not to negligenly and wrongfully injure and damage the property of another. The case of *Holloway* v. *Macon Gas Light &c. Co.*, 132 *Ga.* 387, 397 (64 S. E. 330), is not in conflict with the principle here announced, since, although in that case, as in this case, the defendant was not a privy in contract with the plaintiff, in that case, contrary to this case, the alleged wrong complained of did not fall within the scope of any general duty owing by the defendant to the plaintiff.

■ The ground of exception complaining that the plaintiffs were allowed to testify that in their opinion the fumes from the oil burner caused the death of the birds is without merit, since the issue was one not of fact but of opinion, and the testimony of the plaintiffs went into every detail substantiating this opinion, showing the large openings left in the furnace from which the fumes escaped, and that the fumes finally became so bad as to affect their own senses to the extent of causing dizziness, thus enabling them to locate the trouble, that the birds were in sound condition until the time the gas began to escape, and that although eighty-eight of them died during the period prior to the remedying of the defect, none of them had been affected since that time. See, in this connection, Civil Code (1910), § 5874.

■ In view of the ruling of the trial court and of this court that the suit was founded in tort and not on contract, the objections to the conversations between the parties to the suit, leading up to the execution of the contract, solely on the ground that it was sought thereby to add to or vary the terms of the written contract, are not sufficient to authorize the setting aside of the verdict and judgment. The evidence was excluded by the court for every purpose except merely to show the purpose for which the equipment was installed, and the suit being grounded upon a cause of action entirely independent of the contract, the admission of the conversations leading up to the contract was not erroneous so as to authorize setting the verdict aside for the reason assigned.

■ The evidence is conclusive upon the question of the negligence in leaving the furnace in a condition where large quantities of gas would and did escape therefrom into the basement, and is equally conclusive upon the direct resulting injury to the property of the plaintiffs. The special ground of the motion that the injury was too remote, and did not proximately result from the negligence complained of, is therefore altogether without merit, as is also the ground that the evidence showed as a matter of law that the plaintiffs did not exercise proper care in avoiding the consequences of such negligence. The verdict in favor of the plaintiffs and as to the amount thereof being fully authorized as against the defendant Monroe, it can not be set aside for any reason assigned.

■ Since the allegation of the petition that the defendants were operating the business as partners was denied in separate pleas by each of them, the defendant Monroe specifically alleging that he owned the business and that Winfree was his agent in charge thereof, and there is no proof going to show that Winfree was interested in the business or connected therewith otherwise than as the employee of Monroe, and there is no proof indicating that Winfree himself participated in the negligent acts complained of, the verdict, as against him, was not authorized by the evidence, and as to that defendant must be reversed.

*Judgment affirmed as to the defendant Monroe; reversed as to the defendant Winfree. Stephens and Bell, JJ., concur.*