36899.  RICH'S, INC. *v.* KIRWAN BROS., INC., *et al.*
36900.  BUTLER *v.* KIRWAN BROS., INC., *et al.*

DECIDED JANUARY 7, 1958—REHEARING DENIED JANUARY 31, 1958.

*Benjamin M. Parker*, for plaintiff in error in case No. 36899.

*John L. Westmoreland, Joseph D. Tindall, J. Frank Kemp*, contra.

*Joseph D. Tindall, J. Frank Kemp*, for plaintiff in error in case No. 36900.

*John L. Westmoreland, Benjamin M. Parker*, contra.

CARLISLE, Judge.  One February 10, 1948, Kirwan Brothers, Inc., filed suit in two counts in the Superior Court of Fulton County against Rich's, Inc., M. Rich & Brothers Co., and W. S. Tutwiler and J. D. Butler, a partnership doing business as Capital Construction Company. The defendants filed general and special demurrers to each count of the petition. When the demurrers came on for a hearing in the Superior Court of Fulton County, the judge entered an order sustaining the general demurrers of the

defendants as to count one of the petition and granting the plaintiff 30 days in which to amend. Thereafter, and within the time allowed by an order extending the time in which to amend, the plaintiff filed a purported amendment to count one of the petition. To this amendment the defendants filed general and special demurrers, objections and motions to strike on numerous grounds. Thereafter, when the case came on for hearing before another Judge of Fulton Superior Court, that judge overruled the objections to the allowance of the amendment and overruled the general demurrers to count one of the petition as amended, overruled certain of the special demurrers thereto, and sustained certain other special demurrers. Within the time allowed by law, the defendants filed their exceptions pendente lite in accordance with the practice then prevailing in the superior courts, said exceptions pendente lite assigning error on the allowance of the amendment on the ground, among others, that said amendment attempted to engraft onto an action ex delicto a cause of action ex contractu. Thereafter, the petition was five times amended. and to each amendment the defendant filed general and special demurrers, objections and motions to strike. Each amendment filed, including the last one, sought to perfect the action as one ex contractu, and as finally amended the plaintiff expressly denominated the action as being one ex contractu, the court having previously (as stated by the plaintiff in paragraph 27 of the, petition) "sustained the demurrers of the several defendants directed toward the election of remedy on the part of the plaintiff." To each amendment the defendants objected on the ground, among others, that it sought to convert an action ex delicto into one ex contractu, and each of these objections was overruled. After the last amendment the trial court entered an order overruling the general and special demurrers and motions to strike and objections to the allowance of the amendment, and the defendants have filed in this court bills of exceptions assigning error on all the adverse rulings made in the various stages of the case in the hearings on the demurrers and on the objections and motions to strike the amendments.

In the meantime, the plaintiff abandoned count two of the petition by voluntarily dismissing that count and we have for consideration in this court only questions raised as to count one of

the petition. The defendant Tutwiler having died pending the proceedings in the superior court, the case continued against his surviving partner, Butler, who is one of the plaintiffs in error here. The plaintiff also dismissed the action as to M. Rich & Brothers Company, and Rich's, Inc., is the other plaintiff in error in this court.

The plaintiffs in error contend that the petition as orginally drawn was, if anything, an action ex delicto, and that the first and all subsequent amendments sought to convert the action to one ex contractu. If these contentions of the defendants are correct, then a reversal of the judgment must follow, for the trial court should have sustained the objections filed by the defendants to the allowance of the amendments, for it is well settled in Georgia that an action ex delicto may not by amendment be converted to one ex contractu and vice versa. *Croghan* v. *New York Underwriters Agency,* 53 *Ga.* 109 (2) ; *Sharpe* v. *Columbus Iron Works Co.,* 136 *Ga.* 483, 485 (71 S. E. 787) ; *East Atlanta Bank* v. *Limbert,* 191 *Ga.* 486 (3), 491 (12 S. E. 2d 865) ; *Dunn* v. *Fairbanks-Morse Co.,* 19 *Ga. App.* 548 (91 S. E. 1005).

The plaintiff did not originally designate his action as one ex delicto or one ex contractu, and indeed it was not necessary that he so designate it, for the nature of an action is to be determined, not by the designation of the pleader, but by the intrinsic contents of the petition, its recital of fact, the nature of the wrong sought to be remedied, and the kind of relief sought. *Pennington* v. *Douglas A. & G. Ry. Co.,* 3 *Ga. App.* 665, 666 (60 S. E. 485) ; *Atlanta Finance Co.* v. *Lunsford,* 32 *Ga. App.* 787 (3) (124 S. E. 813) ; *Price* v. *Fidelity Trust Co.,* 74 *Ga. App.* 836 (1) (41 S. E. 2d 614). The nature of the petition will be determined from the petition as a whole and from the manifest intention of the pleader. *Bell* v. *Fitz,* 84 *Ga. App.* 220, 225 (66 S. E. 2d 108). "Where a petition is ambiguous in failing to make clear whether the cause of action and remedy relied upon is one sounding in contract or in tort, the courts have applied various rules of construction, according to the jurisdiction sought to be invoked and the facts involved, the general rule being that 'where a petition can be construed either as a suit in contract or as an action for a breach of duty arising out of the contract, the latter construction will be adopted,' and the petition 'will be construed as claiming dam-

ages for the tort.' In the absence of a special demurrer, however, where the facts alleged are appropriate to support either of two forms of action, the courts will presume that the pleader's purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Henry Cotton Mills* v. *Shoenig,* 33 *Ga. App.* 467 (2), 470 (127 S. E. 238), and cit." *Monroe* v. *Guess,* 41 *Ga. App.* 697, 699 (154 S. E. 301). The second rule stated in the *Monroe* case and quoted above is relied upon by the defendant in error to uphold the rulings of the trial court as to the nature of the petition in this case. However, that rule is not applicable to the situation here since there were numerous special demurrers and objections to the allowance of the amendments on the ground that they were attempts to convert a tort action into a contract action.

In determining whether the original allegations of count one of the petition sounded in contract or in tort, it is necessary that they be examined somewhat in detail. Omitting the formal allegations of count one of the petition, it alleged that the defendants have injured and damaged the petitioner in the sum of $36,147.77 by reason of the facts set forth; that on July 11, 1946, and at all times referred to in the petition, Capital Construction Company was employed by the defendant corporations, Rich's, Inc., and M. Rich Brothers & Company as a general contractor for the erection of an addition to Rich's department store and that in such capacity Capital Construction Company was the duly authorized agent of the defendant corporations; that on or about July 11, 1946, the petitioner entered into a contract with Capital Construction Company in its capacity as general contractor and as the duly authorized agent of the defendant corporations for the erection and removal of concrete forms in connection with Rich's department store job, a copy of said contract being attached to the petition and made a part thereof; that at the time the petitioner entered into said contract, it was not furnished any definite or complete plans or written specifications reflecting the nature and extent of the work to be done under said contract the only information being furnished the petitioner being rough, preliminary and incomplete sketches furnished by Capital Construction Company and oral representations made by Capital Construction Company, which rough plans and sketches and oral

representations were used by the plaintiff as a basis for arriving at the estimated cost of the work to be done, and as a result thereof the contract dated July 11, 1946, was entered into by and between the parties; that Capital Construction Company a general contractor and agent for Rich's, Inc., and M. Rich Brothers & Company, represented that the work to be done under the contract consisted of 90 percent slab type construction and that the remaining 10 per cent of the job involved other types of construction, including beams, columns, pilasters, stairs and walls, and defendant Capital Construction Company further represented that the beams to be constructed would be simple and typical throughout each of the eight floors in said building; that the representations thus made by Capital Construction Company were relied upon by the petitioner in arriving at its estimate of the cost of the construction in entering into the contract for the performance of the work, but that it later developed that the nature and the extent of the work had been materially misrepresented in that the total slab area amounted to only 76.7 percent of the work to be done instead of 90 percent as represented and other work amounted to 23.3 percent of the total work instead of 10 percent as represented; that these misrepresentations resulted in there being in excess of 48,000 square feet less slab construction than had been anticipated and that your petitioner was thus correspondingly penalized in this regard in that its patented form equipment used in slab construction permitted an economical and profitable operation in forming slab which factor had been considered by the petitioner at the time the unit prices set out in the contract were quoted, said prices being predicated upon the representation that the whole operation would contain 90 percent slab construction; that it further developed that the beams to be constructed were entirely dissimilar, that said beams were not at all uniform with reference to any particular slab or in regard to corresponding beams on successive and so-called typical floors, and said variations and non-uniformity necessitated unusually expensive construction processes which would not have been required had said beams been simple and typical throughout all floors as had been represented to your petitioner; that the failure of Capital Construction Company to furnish any detailed finished plans to the petitioner was due to the fact that Rich's, Inc., and

M. Rich Brothers & Company were in the process of effecting substantial changes and revisions in the preliminary plans and sketches and the detailed finished plans were not available, and that, nevertheless, the general contractor and agent of the corporations made the aforementioned misrepresentations to the petitioner without proper regard for, and without taking into account, the substantial differentials which would result from the changes and revisions thus being made in the work; that on the basis of the *misrepresentations* originally made, the petitioner made the contract for the performance of the work providing for the unit prices shown therein, which prices would have allowed the petitioner its usual and ordinary and reasonable profits, whereas, as the direct and proximate result of the actions (representations) on the part of the defendants as set forth in the petition the petitioner sustained a substantial net loss in the performance of beam construction on the basis of the prices contracted for as set forth in the contract attached as an exhibit; that the reasonable value of the actual beam construction done was an average unit cost of $1 per square foot which would have been the actual charge made under the terms of the contract if in fact the nature and extent of the work had been correctly and properly represented to petitioner prior to the execution of the contract; that the difference between the amount which the petitioner actually received and the amount that he would have received but for these misrepresentations is the amount sued for; "that the action on the part of the defendants herein in thus making building plans unavailable did thus prevent your petitioner from making advance preparations in regard to the most economical prosecution of the proposed work and in assuring the availability on the job of the necessary types of equipment required therefor, and resulted in substantial loss and damage to your petitioner in excessive and useless general office and supervisory overhead expense while awaiting the delivery of said plans"; and, "that even after receipt of said plans the variances therein as compared to the original representations, and substantial revisions and changes thereafter made therein, caused further loss and damage to your petitioner in that detailed preliminary work on beam and column forms as originally represented were totally useless." Following these allegations, there was an allegation

that the plaintiff had filed its lien against the property described in the petition as being the property of Rich's and M. Rich Brothers & Company, and the prayer was for judgment in the sum of $36,147.77, together with interest, and that said judgment be declared and made a special prior and preferred lien against the real estate therein described.

"There can be no right of action until there has been a wrong, —a violation of a legal right,—and it is then given by the adjective law. Upon the commission of the wrong, a right of action is given by the adjective law. 'For every violation of a contract express or implied, and for every injury done by another to person or property, the law gives a right to recover, and a remedy to enforce it.' Civil Code, § 3076. Thus, 'relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage.' *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 699. Yet, as 'every duty is attended with a correlative right, a cause of action may be defined from the standpoint of rights, with exactly the same result as when it is defined from the standpoint of duties. Thus the precise equivalent of the definition given above would be this: Relatively to the law of pleading, a cause of action is some particular right of the plaintiff against the defendant, together with some definite violation thereof which occasions loss or damage.' Ibid. 700. To give a right of action, 'nothing is needed but a right in the plaintiff and some invasion of that right by the defendant.' *Stafford* v. *Maddox,* 87 *Ga.* 540. Nor can the latter be shown unless the former appear. 'Though it is the breach and not the duty itself which justifies the action or causes it to be brought, yet every breach involves a duty, and in order to make the breach appear, it is indispensable that the duty also should appear. In so far as the duty in question can be known to the court by taking notice of any matter of public law, its creation or origin need not be pleaded; but in so far as it derives its origin from any special state of facts, . . the essential facts must be pleaded.' *Ellison's* case, supra." *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 790 (48 S. E. 318). Code § 3-101.

In the light of the general principles of law stated above, let us examine the original petition in this case. What duty does the

original petition attempt to set up? Not the duty to pay any sum under a contract, for the only contract referred to in the petition is expressly disaffirmed. The duty, if any is alleged, is the duty to furnish the plaintiff information about the subject matter of the contract—the nature and extent of the job to be done. What is the breach alleged? It is not the failure of the defendants to pay any sum or sums due under the contract set up, but rather the failure of the defendants to furnish to the plaintiff information which it needed in order to prepare the contract. What is the loss occasioned? Damages—not for a breach of contract—but damages flowing to the plaintiff as the result of misrepresentations made by the defendant Capital Construction Company and relied upon by the plaintiff and acted upon by him.

"A tort is the unlawful violation of a private legal right, other than a mere breach of contract, express or implied; or, it may be the violation of a public duty, by reason of which some special damage accrues to the individual." Code § 105-101. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action . . . a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to knowledge of the falsehood." Code § 105-302. Under the view we thus take of the original petition, there is no question but that it sounded in tort and was in essence a suit for fraud and deceit under the provisions of Code § 105-302, if it was anything.

By the first amendment which the plaintiff filed and which the court allowed over the objections and demurrers of the defendant, the plaintiff struck the allegations of the original petition to the effect that the defendant had injured and damaged the plaintiff in a particular sum and substituted in lieu thereof the allegations that the defendant was indebted to the plaintiff by reason of a contract between the parties. The remaining allegations of the petition as originally filed were left unaltered and the plaintiff added the following allegations thereto: That petitioner entered into a contract with the defendants Tutwiler and Butler, doing business as Capital Construction Company, said contract being shown by Exhibit "A" attached to the original petition and pro-

viding for the performance of certain work and the furnishing of labor and material as a subcontractor in the construction of the building as set forth in the original petition; that during the course of the construction of the said building, alterations and additions were made to the original plans and specifications by the defendants; that said alterations and additions resulted in the petitioner performing additional services and providing additional labor and materials of a character different from that contemplated in the original contract, which services, labor and material were more expensive in character than originally contemplated; that the petitioner and the defendants recognized that these changes and alterations and additions would vary the terms of the original contract and that this variance was agreed to and accepted by the plaintiff and the defendants; that as a result of the variance in the contract the petitioner has provided more labor and materials and performed work of a more expensive character than originally contemplated by the contract, the increased costs of these services and materials under the contract as modified being the sum of $23,450.90; that the defendants Tutwiler and Butler, doing business as Capital Construction Company, have acknowledged an indebtedness under the origina' contract to the plaintiff in the amount of $12,696.87, said acknowledgment being in the form of a letter written by the defendant partnership's attorney to the plaintiff and offering to pay that amount as being the amount due under the contract as originally entered into provided the plaintiff would execute a release or receipt in full, said letter, or correspondence, being attached to the petition as amended as exhibits. This amendment clearly sounds in contract.

These being the facts, and under the principles of law enunciated above, it was error for the trial court to allow the filing of the first amendment and all subsequent amendments (which merely perfected the contract action) over proper objections and demurrers of the defendants, and it was error for the trial court to refuse to dismiss the petition as finally amended on the ground that the action being originally one ex delicto had been converted to one ex contractu by amendment, which may not be done.

*Judgments reversed. Gardner, P. J., and Townsend, J., concur.*