## 37468. COOK v. FARMERS & MERCHANTS BANK et al.

MARSHALL, Justice.

In 1973, plaintiff-appellant Cook executed to defendant-appellee Commercial Credit Plan, Inc. ("Commercial") a $5,880 note and a deed to secure debt. He defaulted on the note, and, as of February 15, 1978, there was a balance owing of $1,749.39. No payments were made after May 11, 1977.

In 1975, defendant-appellee Farmers & Merchants Bank ("bank") obtained an ex delicto judgment against Cook in the amount of $6,589.87. The bank paid Commercial $1,749.39 for an assignment of Cook's note and security deed. The security deed was foreclosed by the bank under a power of sale contained therein, and the property was sold in December of 1980 for $4,000, plus the assumption of the first mortgage by the purchaser at the foreclosure sale. The sale was not confirmed.

Cook brought this equitable action to set aside the foreclosure deed and to recover the $2,250.61 difference between the proceeds of the foreclosure sale and the indebtedness owed by him to the original security-deed grantee, Commercial. The trial court granted the defendants' motion for summary judgment. We affirm.

The plaintiff-appellant admits the execution of the security deed to Commercial, and does not deny that there is an outstanding balance owing under the note. The note and security deed were assigned by Commercial to the bank. That assignment was not under seal, but is a simple contract which is enforceable within six years after the default on the note. The note having been in default on May 11, 1977, the defendant bank was within the statute of limitation for foreclosing on the property, hence there was a legal foreclosure and sale.

The defendant bank obtained its judgment against the plaintiff in 1975 and — there being no allegation of fraud, accident or mistake — the judgment cannot be set aside.

Failure of the bank to confirm the sale does not defeat its right to any excess. Code Ann. § 67-1316 (Ga. L. 1958, p. 655; as amended) provides in part: "The operation of 'open-end' clauses contained in real estate mortgages or deeds conveying realty as security for a debt which clauses provide that such instruments or the property thereby conveyed secured, in addition to the debt therein named or described, any other debt or obligation that may be or become owing by the mortgagor or grantor is limited to other debts or obligations arising ex contractu (as distinguished from ex delicto) between the original parties to such security instrument." When the bank was assigned the note and security deed by Commercial, its judgment, not being a contractual obligation, did not tack on to the note and become one obligation. Since the judgment does not tack, the failure to satisfy the judgment from the proceeds of the foreclosure sale does not constitute a "deficiency" within the meaning of Code Ann. § 67-1503 (Ga. L. 1935, p. 381). Hence, there was no need for a confirmation of sale under power. The surplus funds could be applied to that lien under the rule that the holder of a subordinate lien, such as the bank here, may claim surplus funds accruing from the foreclosure. *East Atlanta Bank v. Limbert*, 191 Ga. 486 (2) (12 SE2d 865) (1941).

There being no genuine issues of material fact, and the judgment being demanded for the defendants, the grant of summary judgment for the defendants is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1981.

*Edward Parrish,* for appellant.
*Griffis & Thomas, Tom W. Thomas,* for appellees.